68 395<br>78 626

[No. 9964.   Department One.— January 27, 1886.]

THEODORE P. PAINTER, APPELLANT, *v.* ESTATE OF J. B. PAINTER, DECEASED, ET AL., RESPONDENTS.

PARTNERSHIP — DEATH OF PARTNER — BEQUEST OF PARTNERSHIP INTEREST TO SURVIVOR — SETTLEMENT OF PARTNERSHIP AFFAIRS. — When a partner dies, leaving a will which bequeaths his entire interest in the partnership property to his surviving partner, the latter cannot collect from the general assets of the estate of the decedent a debt due by him to the firm, if the interest of the deceased in the assets of the firm is sufficient to pay it; and this must be ascertained by complying with section 1585 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*Edward J. Pringle*, and *C. H. Parker*, for Appellant.

*Warren Olney*, for Respondents.

FOOTE, C.—The plaintiff, at the time of the death of the decedent, Jerome B. Painter, against whose estate and the executors of whose will this action was brought, was his partner, doing business under the firm name of Painter & Co. J. B. Painter died on the sixth day of February, 1883, leaving a will, which was admitted to probate on the thirteenth of April of the same year. The will was of date March 11, 1864, a codicil being added thereto ten years after.

The plaintiff, by the will, was named one of its executors. He was also made a legatee thereunder, and appropriated to his own use, it seems, without waiting for the probation of the will, the property claimed by him as a legacy.

Afterwards, the will was admitted to probate, and he and R. R. Dallam and Caroline A. Painter qualified as executors and executrix under it. An inventory of the estate was made, sworn to, and filed. The decedent's estate, as appraised, was of the value of $82,713.94, consisting of real estate to the amount of seventy-five thousand dollars and personal property valued at $4,615.94. The interest of the estate of the deceased in the said partnership property and assets of the firm of Painter & Co. are in the inventory valued separately at $4,152.94; this was made under section 1445, Code of Civil Procedure. Under section 1585, Code of Civil Procedure, the interest of a decedent in a partnership must be included in the inventory of his estate, and be appraised as other property. The surviving partner must settle the affairs of the partnership without delay, and account with the executor or administrator, and pay over such balances as may from time to time be payable to him in right of the deceased. But that duty plaintiff, as surviving partner, did not perform. He took possession of all the

assets of his decedent in the partnership, claiming them as a special legacy under the will, and propounded a claim for many thousand dollars against his decedent's estate, which claim consisted of moneys that his decedent, as partner, had drawn of the partnership funds in excess of that which the plaintiff had drawn.   It appears, however, that the partnership was solvent, and the decedent's share of its assets at his death sufficient to pay this debt to the brothers, executor and partner, and still leave due the estate the sum of $4,615.94, as per the inventory.

But the contention of the plaintiff was, that he had a right to all the decedent's interest in the partnership assets, absolutely, and that the amount of the decedent's overdrafts on the partnership funds must be paid him by the general estate, even although, as shown, the decedent's interest in those assets exceeded his liabilities thereto.

This claim was not allowed by the judge to whom it was presented; thereupon this action was commenced, and a second amended complaint being demurred to and the demurrer sustained, and plaintiff declining further to plead, judgment passed for the defendants, and the plaintiff appealed.

Without closing up the partnership affairs and striking a balance, or settling with decedent's estate upon that basis, plaintiff took all the partnership assets, and now desires the estate of his brother, from its general assets, to pay him near fifty-eight thousand dollars, when his decedent's interest in the partnership assets would more than satisfy this debt, which it is claimed he owed the partnership.   We think the demurrer was properly sustained.   In this action the construction of the terms of decedent's will is not pertinent to the issue.   The only question here is this: Can a surviving partner collect from the general assets of his partner's estate a debt due by the decedent to the partnership without first complying with section 1585, Code of Civil Procedure, and ascertaining if the partnership's assets will pay the partner-

ship debts? In this case, the pleadings admit that no such procedure was had, and that the decedent's share of the partnership assets will more than pay all his debts thereto.

The judgment and order should be affirmed.

SEARLS, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.