## PAINTER v. PAINTER.

[No. 18,351; decided October 1, 1887.]

**Surviving Partner—Claim Against Estate.**—A surviving partner cannot collect from the general assets of his partner's estate a debt due by the decedent to the partnership, without first complying with section 1585 of the Code of Civil Procedure and ascertaining if the firm assets will pay the firm debts.

**Wills.**—Where a Testator Bequeaths His Partnership Interest, including "moneys out at interest," when he has during his lifetime drawn moneys from the firm which it is claimed he merely borrowed from it, paying interest thereon, it is held that "moneys out at interest" do not include moneys drawn by him from the firm.

**Wills.**—Where a Testator Leaves Certain Property to His Children, and in a subsequent clause provides that his wife shall share with them in all property, the second clause relates to and is controlled by the first, and the word "all," underscored in the second clause, refers to the property specified in the first clause.

**Wills.**—Inasmuch as the Testator had No Power of Disposition over his wife's share of the community property, it is held in this case that she takes half of all the estate as survivor, and half of the remainder under the will, which latter gives her half and the children half.

Jerome B. Painter died in San Francisco, on February 6, 1883, a resident thereof, and leaving estate therein. He left a will, dated March 11, 1864, and a codicil, dated March 11, 1874. Theodore P. Painter (testator's brother) and R. B. Dallam (testator's brother in law) were named as executors, and Caroline A. Painter (testator's wife) as executrix. On April 13, 1883, the will and codicil were admitted to probate, and the above-named persons appointed executors and executrix, and letters testamentary issued to them.

At the time of his death the testator was in partnership with his brother Theodore, under the firm name of Painter & Co. Under the first clause of the will (quoted in the opinion of the court) the testator bequeathed his entire interest in this firm to his surviving partner and to the plaintiff herein, who was also his brother.

Plaintiff brought this bill against the representatives of the estate of the decedent, and a portion of the legatees and

devisees, on August 26, 1886. A demurrer for want of parties, filed on September 6, 1886, was sustained, and on October 22, 1886, an amended bill was filed, bringing in those legatees and devisees who were not originally made defendants. The bill alleged the foregoing facts, and also that since March, 1865, the testator had not withdrawn any money from the firm of Painter & Co., but had borrowed money from it from time to time, repaying and borrowing again, and paying interest, and that at the time of his death he was indebted to the firm in some thirty-odd thousand dollars.

Plaintiff further alleged that the surviving partner was liquidating the affairs of the late firm, for the purpose of accounting for and delivering the interest of the decedent therein to decedent's representatives, and that in order to settle the affairs of the firm it is necessary that the amount due to it by the testator be repaid, but that the representatives claim that said indebtedness was not a loan from the firm to the testator, but a withdrawal of capital, and that ademption has been made of the legacy to the plaintiff and the surviving partner, and that the surviving partner claims that it is necessary to sell the stock and goodwill of the firm to repay the amount due by the decedent's estate to the firm.

Plaintiff claims that by the true construction of the will no ademption has been made, and that plaintiff, as legatee, is entitled to demand and receive his legacy, and that the real estate of the decedent should be first sold, and that by a sale of the partnership assets plaintiff's legacy will be wholly defeated; hence he asks for an injunction and a construction of the will.

The first clause of the codicil provided that the testator's children should share alike in certain specified property. The second clause of the codicil provided that testator's wife should share with his sons, and they with her, "in all property, she one-half and they all the other one-half equally among them." By the fifth clause of testator's will (made ten years before the codicil), he made certain bequests to the Protestant Orphan Asylum and certain relatives, other than his wife and children. The decedent's estate was community property.

E. J. Pringle, for the complainant.

Warren Olney, for the executors.

Selden S. Wright, for the minors.

B. A. Hayne, for Protestant Orphan Asylum.

Seth Mann, for certain other defendants.

COFFEY, J. (sitting by consent in place of Rearden, J.) This is a suit in equity brought to obtain a construction of the will of Jerome B. Painter, deceased. The plaintiff also asks that the surviving member of the firm of Painter & Co. be enjoined and restrained from selling assets of the firm claimed to have been bequeathed by the will to the plaintiff, and for a general marshaling of the assets of the estate of J. B. Painter, and of the partnership of Painter & Co.; also for an accounting of the assets and liabilities of the firm, and of all debts due to the firm, and moneys of the firm out at interest, and of the respective interests of the several partners of the firm, and for a complete adjustment and settlement thereof; and for a sale of certain described real estate, and that the interest of the said Jerome B. Painter therein be applied toward the repayment of the amount claimed to be due by him to the firm.

The paragraph of the will upon which the complaint is based is as follows:.

1st. "I give and bequeath to my brothers, J. Milton Painter and Theodore P. Painter, all my share, right, title and interest of and in and to the co-partnership of Painter & Company, the stock thereof, its business, good will, and all interest of whatsoever nature connected with them as partners (except real estate), debts due us, and moneys out at interest, for their own use and benefit; upon the express condition that they assume all debts standing against the concern, and pay off that certain mortgage on property S. W. corner of Washington and Sansome streets."

It is claimed on behalf of complainant that when Jerome B. Painter died he was indebted to his firm in the sum of $33,000, or thereabouts. This claim and all the other allegations of

the complaint, after admitting the execution of the will, are all denied by the different defendants, and it is asserted that the subject matter of the claim having been adjudicated, it is no longer open for consideration by this court. The action in which that adjudication is asserted to have been made is entitled Theodore P. Painter, Plaintiff, v. The Estate of J. B. Painter, Deceased, R. B. Dallam, Executor, and Caroline A. Painter, Executrix of the Estate of J. B. Painter, Deceased, and J. M. Painter, Defendants, No. 9,964, 68 Cal. 395, 9 Pac. 450.

In response to this claim, counsel for plaintiff here contends that that cause was not between the same parties; it is not in that sense "the law of this case"; it is only authority so far as the facts are similar; and that the only effect of that decision was that the suit was premature. To resolve this question, we must consider what the supreme court decided in that case. In that case Theodore P. Painter, now a defendant, as executor, was plaintiff, as surviving partner. J. M. Painter, now the plaintiff in this case, was originally a defendant, but the action was dismissed as to him.

The best statement of what the supreme court decided is in its own language, which reads as follows:

"The plaintiff, at the time of the death of the decedent, Jerome B. Painter, against whose estate and the executors of whose will this action was brought, was his partner, doing business under the firm name of Painter & Co. J. B. Painter died on the sixth day of February, 1883, leaving a will, which was admitted to probate on the 13th of April of the same year. The will was of date March 11, 1864, a codicil being added thereto ten years after.

"The plaintiff, by the will, was named one of the executors. He was also made a legatee thereunder, and appropriated to his own use, it seems, without waiting for the probation of the will, the property claimed by him as a legacy.

"Afterward the will was admitted to probate, and he and R. B. Dallam and Caroline A. Painter qualified as executors and executrix under it. An inventory of the estate was made, sworn to, and filed. The decedent's estate, as appraised, was of the value of $82,713.94, consisting of real estate to the amount of $75,000, and personal property valued at $4,615.94.

The interest of the estate of the deceased in the said partnership property and assets of the firm of Painter & Co. are in the inventory valued separately at $4,152.94; this was made under section 1445, Code of Civil Procedure.

"Under section 1585, Code of Civil Procedure, the interest of a decedent in a partnership must be included in the inventory of his estate, and be appraised as other property. The surviving partner must settle the affairs of the partnership without delay, and account with the executor or administrator, and pay over such balances as may from time to time be payable to him in right of the deceased. But that duty plaintiff, as surviving partner, did not perform. He took possession of all the assets of his decedent in the partnership, claiming them as a special legacy under the will, and propounded a claim for many thousand dollars against his decedent's estate, which claim consisted of moneys which his decedent, as partner, had drawn of the partnership funds in excess of that which the plaintiff had drawn. It appears, however, that the partnership was solvent, and the decedent's share of its assets at his death sufficient to pay this debt to the brothers, executor and partner, and still leave due the estate the sum of $4,615.94, as per the inventory.

"But the contention of the plaintiff was that he had a right to all the decedent's interest in the partnership assets, absolutely, and that the amount of the decedent's overdrafts on the partnership funds must be paid to him by the general estate, even although, as shown, the decedent's interest in those assets exceeded his liabilities thereto."

"This claim was not allowed by the judge to whom it was presented. Thereupon this action was commenced, and a second amended complaint being demurred to and the demurrer sustained, and plaintiff declining further to plead, judgment passed for the defendants, and the plaintiff appealed.

"Without closing up the partnership affairs and striking a balance, or settling with decedent's estate upon that basis, plaintiff took all the partnership assets, and now desires the estate of his brother, from its general assets, to pay him near $58,000, when his decedent's interest in the partnership assets would more than satisfy this debt, which it is claimed he

owed the partnership. In this action the construction of the terms of decedent's will is not pertinent to the issue. The only question here is this: Can a surviving partner collect from the general assets of his partner's estate a debt due by the decedent to the partnership without first complying with section 1585 of the Code of Civil Procedure, and ascertaining if the partnership's assets will pay the partnership debts? In this case the pleadings admit that no such procedure was had, and that the decedent's share of the partnership assets will more than pay all his debts thereto.

"The judgment and order should be affirmed": 9 West Coast Rep. 305; 68 Cal. 395, 9 Pac. 450.

It seems to me that the opinion above quoted constitutes the law of this case. The principal parties here in this case and in that are simply transposed, but their interests are identical. Theodore having presented, as surviving partner, his claim against the estate, and having been defeated, now J. Milton Painter comes in and asks this court to do that which was denied to Theodore. Upon the principles laid down by the supreme court in the opinion above quoted, this cannot be done. This court, now sitting in equity, is confined to the duty of construing this will, and a duty more difficult to discharge has not as yet fallen to the lot of the judge now presiding in this case. As I have examined again and again this will and the arguments of counsel, I have been very much struck with the force of the remark made upon the hearing by one of the counsel, that it would be impossible for the court to come to a satisfactory conclusion as to what is meant by the different provisions, and that while the testator may have been one of the sharpest and shrewdest business men in San Francisco, when he engaged in the work of framing his own will he was clearly out of his element. In attempting by his own efforts, unaided by those qualified by superior skill in such a task, to simplify the settlement of his estate, he contrived most maladroitly to effect a contrary purpose.

After an unusually protracted period of deliberation, the conclusions that I have reached may be stated:

1. Under the will the plaintiff and Theodore P. Painter take the testator's interests in the firm of Painter & Co. as described in clause first of the will; that is, "all my share,

right, title and interest of, in and to the co-partnership of Painter & Co., the stock thereof, its business, good will, and all interests of whatsoever nature connected with them as partners (except real estate), debts due us and moneys out at interest, for their own use and benefit; upon the express condition that they assume all debts standing against the concern, and pay off that certain mortgage on property S. W. corner Washington and Sansome streets.'' The words underlined in the will, ''moneys out at interest,'' do not, in my opinion, include what testator had drawn from the firm.

2. The second clause of the codicil relates to and is controlled by the first, and the word ''all'' (underscored), in the second clause, refers to the property specified in the first clause.

3. Inasmuch as the testator had no power of disposition over his wife's share of the community property, it must be held that she takes half of all as survivor, and half of the remainder under the will: Payne v. Payne, 18 Cal. 301; Morrison v. Bowman, 29 Cal. 346; Estate of Frey, 52 Cal. 660.

4. Clause 5 of the will is not revoked by the codicil.

It follows, therefore, that the prayer for an injunction and for a marshaling of assets, etc., must be denied, and it is so ordered.