## CLARK *v.* MILLER.

*(Supreme Court, General Term, Fifth Department.* April 16, 1891.)

CONVERSION OF TOWN ORDER.

A claim against a town for injuries to a horse belonging to a married woman, presented in the names of herself and her husband, was audited by the town board, and an order was issued by the supervisors of the county directing defendant, the member of the board from the town, to pay to the husband and wife a certain sum agreed on as damages, and was intrusted to defendant for delivery or payment. Defendant, having a judgment against the husband, placed the order in the hands of a constable, who held an execution issued on the judgment, with instructions to levy on one-half of the order. *Held,* that as it was defendant's duty to deliver the order to the claimants without demand therefor, he was guilty of an actual conversion, for which an action could be maintained against him independent of any demand.

Appeal from Cattaraugus county court.

Action by Delia Clark against Lorentine G. Miller, brought before a justice of the peace. Defendant appeals from a judgment of the county court affirming a judgment of the justice of the peace in favor of plaintiff.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*J. R. & M. B. Jewell,* for appellant. *Frank Rumsey,* for respondent.

MACOMBER, J. This action was brought to recover damages for the conversion of an order issued by the board of supervisors of Cattaraugus county, directing the defendant, who was a member of such board from the town of Hinsdale, to pay to the order of Cyrus N. Clark and the plaintiff, Delia E. Clark, the sum of $25, being the amount agreed upon for injuries to a horse received on the 1st day of November, 1888, through defects in a bridge in the town of Hinsdale. The claim for such injuries had been audited by the town board of the town of Hinsdale before the order was allowed and issued by the board of supervisors. The horse which was so injured belonged wholly to the plaintiff. After the presentation orally of the claim, the same was reduced to writing by one Henry Norton, who inserted the name of Cyrus N. Clark as the claimant. The scrivener was then told by Mr. Clark, in the presence of the defendant, that he had no interest in the claim, but that it was his wife's, as the horse belonged to her. Thereupon, without taking out the name of Cyrus N. Clark, the name of the plaintiff was added to his, so that the claim stood before both the town board and the board of supervisors in the names of both husband and wife. The order of the supervisors was in due course of business intrusted to the defendant as such supervisor of the town of Hinsdale for delivery or payment to the claimants. The defendant, however, being a creditor of the husband, against whom he had a judgment of about $35, recovered in a justice's court, instead of delivering the paper to the claimants, placed it in the hands of a constable, who held an execution issued on such judgment, with directions to levy thereunder upon one-half of the order. It was shown that the value of the order so converted by the defendant was the sum of $25, for which judgment was given, besides costs, which was affirmed by the county court, from which judgment this appeal was taken. The date of the order was November 30, 1889. A written demand was made upon the defendant for its delivery, February 14, 1890. This action was begun April 18, 1890. The instructions by the defendant to the constable to levy upon the order made in connection with the delivery thereof to the constable for that purpose was six weeks before the trial, which was had May 3, 1890. It is argued by counsel for the appellant that, inasmuch as the order came lawfully into the hands of the defendant, a demand of its delivery and a refusal of such demand must be shown in order to entitle the plaintiff to recover. The only evidence of a demand consisted of the delivery by a constable of a written demand purporting to have been signed by the plaintiff by her husband as her agent, requiring the deliv-

ery of the paper to the constable. It is true that there is no direct evidence of an authorization by the wife to her husband to make the demand, and, under the circumstances disclosed, none was required to be given. Cyrus N. Clark had acted throughout the transactions as the agent of the wife, had verified the claim, and had been recognized by the defendant, while a member of both boards, as such agent. The defendant refused to deliver the order to the constable, but he did not place his refusal upon the ground that the person signing the demand as agent of the plaintiff was not such agent, or that he desired any evidence thereof. But no formal demand upon the defendant was required. As the officer of the town he was charged with the performance of the duty of delivering the order to the claimants within a reasonable time after the receipt by him. No demand was required to be made upon him, because he had no discretion in the premises. He could make no legal disposition thereof except the one required by law without the consent of the owners thereof. When, therefore, he diverted the order from the legal purpose by handing it to the constable with instructions to levy thereon to the extent of one-half its value, which was done before this action was brought, he was guilty of an actual conversion, irrespective of any previous demand to deliver it to the claimants. A public officer cannot make his opportunities thus to subserve his private and selfish ends, as was attempted by the defendant. The judgment should be affirmed, with costs. All concur.