## RICHMOND *v.* SOPORTOS.

(*City Court of New York, General Term.* April 5, 1892.)

CONVERSION—MONEY RECEIVED FOR ANOTHER—COUNTER-CLAIM.

A person refusing to pay over moneys received by him for another until payment of a debt due to him by that other, is liable for conversion of such moneys; and no counter-claim or set-off having been pleaded in an action therefor, judgment was properly rendered against him.

Appeal from trial term.

Action by Herbert Richmond against Arnold C. Soportos. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before EHRLICH, C. J., and FITZSIMONS and MCCARTHY, JJ.

Sullivan & Cromwell, for appellant. Henry C. Andrews, for respondent.

FITZSIMONS, J. This is an action for conversion of a check amounting to seven hundred and nineteen and 64-100 dollars, ($719.64.) After the testimony of both sides was heard, the trial justice directed a verdict for plaintiff. The testimony even of the defendant shows that plaintiff and defendant and one Wood were entitled to share equally in certain moneys paid as commissions by the Pennsylvania Steel Company; that such commissions were received by Wood always from said company. Wood retained one-third; another two-thirds were divided between plaintiff and defendant. In this instance the sum of two thousand and one hundred and fifty-eight and 92-100

dollars ($2,158.92) was due to plaintiff and defendant and Wood for commission. Wood received the same in three checks, each one being for seven hundred and nineteen and 64-100 dollars, ($719.64,) and drawn to his order. He kept one, the second he indorsed over to defendant, the third he indorsed to plaintiff and defendant severally, and delivered these last two checks to defendant, who struck out personally or through another the indorsement on the check to plaintiff, deposited both checks in his bank, and received the full amount thereof, one thousand four hundred and thirty-nine and 28-100 dollars, ($1,439.28,) and then refused to pay plaintiff his share, seven hundred and nineteen and 64-100 dollars, ($719.64,) unless plaintiff would pay him (defendant) the amount of a note due, and for that reason only refused to pay plaintiff the check due him. The complaint stated a conversion of the check in question. The answer was a general denial. No counter-claim or set-off was pleaded.

This is a very plain case of conversion. Under the testimony nothing was left for the trial justice to do, except to direct a verdict, as he did, for plaintiff. No error was committed. Judgment must be affirmed. All concur.