JAMES TOBIN, APPELLANT, *v.* WILLIAM J. KAGE, RESPONDENT.

*Payment — a village treasurer cannot use his position to obtain payment of his private claim by deducting it from his debtor's claim against the village — clerical error.*

James Tobin had rendered services to a village of the value of forty dollars; his claim had been allowed, and William J. Kage, the village treasurer, had been directed to pay it. Kage, who was a grocer, and had a claim of sixteen dollars against Tobin, presented a receipt for forty dollars to Tobin for signature, which Tobin, who could not write, signed with his mark, Kage then paid him the difference between forty dollars and his claim for sixteen dollars, viz., twenty-four dollars. Tobin objected to the retention by Kage of the amount of his bill, but finally took the twenty-four dollars and stated to Kage that he would sue him for the balance.

In an action brought by Tobin for a conversion of the sixteen dollars:

*Held,* that he was entitled to recover.

That Kage could not use his official position to secure payment of his private claim.

The court will disregard an obvious clerical error, especially where it is in favor of the appellant.

APPEAL by the plaintiff, James Tobin, from a judgment of the Niagara County Court, entered in the office of the clerk of said county on the 29th day of July, 1891, affirming a judgment of a Justice's Court in favor of the defendant, with notice of an intention of bringing up for review upon the appeal an order of said court affirming such justice's judgment.

*George M. Osgoodby,* for the appellant.

*Herman S. Lary,* for the respondent.

MACOMBER, J. :

The plaintiff had performed labor and furnished certain materials for the village of North Tonawanda, in the county of Niagara, amounting to the sum of forty dollars. This claim was properly allowed by the trustees of the village and was by them directed to be paid by the treasurer, who was William J. Kage, the defendant in this action. It seems, however, that Mr. Kage, who conducted a grocery business in that village, had a claim for groceries sold and delivered to the plaintiff, amounting to the sum of sixteen dollars, and accordingly, when the plaintiff called upon him, as treasurer of the village of

North Tonawanda, to pay the forty dollars, the defendant, as a grocer, insisted on the right to take out of such forty dollars the sum of sixteen dollars coming to him, individually. The plaintiff objected to this, as was claimed at the trial, and insisted that 'the defendant should pay him the whole amount of the forty dollars, less, perhaps, the sum of five dollars which the plaintiff said he was willing to allow upon his personal bill to the defendant. The plaintiff's testimony upon this point is unshaken in any respect, and is to the effect that he at no time assented to the deduction of sixteen dollars from the forty dollars. He says, in substance, that when he called for the money the defendant passed out to him a receipt for him to sign, but, inasmuch as he could not write, the defendant himself signed his name, and he, the plaintiff, made his customary mark, and that then the defendant passed out to him the sum of twenty-four dollars; and that thereupon, after expressions of surprise by the plaintiff, the defendant told him he had deducted that amount, because he owed it to him for groceries. The plaintiff says : "I looked at him and said 'What does this mean ?' He told me 'You owe me $16 for groceries.' I said 'I owe you that, but I am not prepared to pay you all now.' He said 'I know you are not prepared, because I paid myself.' I said 'I h'aint going to take this amount.' Defendant said 'I don't care if you take it or not.' Defendant then made a receipt for the $16 which he had kept from me. I told him I wouldn't take the receipt, said 'I won't take this receipt, but I carry this on further and sue you.' Defendant told me he didn't care."

The testimony of the defendant himself is as follows : "When I found out that Tobin had a bill from the village, he said he pay me. I ask him again and he said that he pay me the bill out of the $40. The day when he came in I told him the orders was in and signed. This was in June. Plaintiff said he would pay part of the bill and would pay the balance another time. He promised to pay the whole. I told him that I wanted the whole of it, that I had waited long enough, and he said all right. Then I went back to my office and got out my order book and asked him to sign this order. Then he told me he couldn't write, and I wrote his name for him. I paid him in cash $24, and gave him a receipt of $16 as agreed. Then Tobin told me it was not right to take out the whole, that I

told him I done just as he agreed with me. Then he said he would sue me if I didn't pay the balance. I told him I done just with him as he agreed with me. Then he took the money."

Two witnesses were called in behalf of the defendant, each of whom, however, said in respect to the conversation at the time stated by the parties thereto themselves, one, Herman O. Kage, that at the time the plaintiff took the $24, he said he would sue the defendant for the balance. The other, Edward Doolan, stated that Tobin said, immediately on passing out of the store, that the money he received was only part payment and he would sue the defendant for the rest.

Upon this evidence, the justice ought to have rendered a judgment in behalf of the plaintiff for the recovery of the unpaid balance. The action was for conversion by the defendant of the unpaid balance of sixteen dollars which was coming to him from the village of North Tonawanda. The defendant, as treasurer of such corporation, had no right to pay himself out of the moneys which were thus passing through his hands as treasurer. It would be against public policy to permit an officer thus to coerce a debtor and to pay himself in the manner described. This might be considered a new way of collecting old debts, except that the same method was attempted, though unsuccessfully, in the case of *Clark* v. *Miller* (37 N. Y. St. Rep., 345). We but reiterate what we there said, that a public officer cannot be permitted to make his opportunities thus to subserve his private and selfish ends, as was done by the defendant.

A point is made by counsel for the appellant against the judgment in respect to its form. It appears from the record that the justice of the peace, while disallowing the plaintiff's claim, rendered a judgment in his favor for the costs of the action. It is suggested, however, on the part of the defendant, that this was a mere clerical error in writing in the word " plaintiff " for the word " defendant," and that there really was no intention on the part of the justice of the peace to award costs to the plaintiff. If this was the sole question in the case, we would be of the opinion that the appellant would have no cause to appeal, because such judgment, if it was actually rendered, was more favorable to him than the decision of the justice would warrant.

But upon the ground above stated, we think the judgment of both the justice of the peace and the County Court should be reversed.

DWIGHT, P. J., and LEWIS, J., concurred.

Judgment of the County Court of Niagara county and of the justice of the peace reversed, with costs of the appeal in this court and in the County Court.