BENJAMIN CROSBY, Respondent, *v.* WILLIAM H. CLARK, as the Sole Surviving Executor, etc., of JOHN G. WILKIN, Deceased, Appellant.

*Action by a principal against his agent — the burden of proof rests on the plaintiff — when the proof is sufficient.*

In dealings between a principal and agent, or a master and servant, the law will presume that the agent or servant who has been in the habit of paying over the moneys received by him has properly accounted for the principal's money which has come into his hands.

The burden of proof, in an action brought by a principal to recover of his agent moneys received by the latter in the course of the agency, rests on the principal, and it is not sufficient to show the receipt by the agent of money of the principal.

It is sufficient to show that the money was paid by the principal to the agent to be applied to a particular purpose and that it was not so applied.

APPEAL by the defendant, William H. Clark, as the sole surviving executor, etc., of John G. Wilkin, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 14th day of February, 1894, upon the report of a referee, and also from the report and decision of the said referee, dated the 26th day of December, 1893, with notice of an intention to bring up for review on such appeal all questions of fact and of law.

*William Vanamee,* for the appellant.

*Daniel Finn,* for the respondent.

CULLEN, J.:

This is an appeal from a judgment in favor of the plaintiff entered upon the report of a referee on a reference of a disputed claim under the statute.

The plaintiff's claim was for $1,000, given to the deceased in 1884 for investment on a mortgage to be made by one Webster. The plaintiff claimed that the money was not so invested, but appropriated by the deceased to his own use. That the money was left with defendant for investment in this intended mortgage, and that it was not so invested, no loan being made to Webster, was proved on the trial, and is, as we understand, conceded by the appellant. No evidence of a return of the money by the deceased or its subsequent investment or application for the benefit of the plaintiff was given. The appellant contends that the facts proved were insufficient to authorize a recovery for the cause of action stated in the complaint, and that the plaintiff to entitle himself to prevail was bound to show how deceased had appropriated the money.

It may be conceded that in dealings between principal and agent, or master and servant, the law will presume that the agent or servant who has been in the habit of paying over the moneys received by him has properly accounted for the principal's money which has come into his hands, and that the burden of proof resting on the principal is not satisfied merely by evidence showing the receipt by the defendant of money of the principal. (*Turner* v. *Kouwenhoven,* 100 N. Y. 115.)

But in this case we think that the burden was fully satisfied. The

money was intrusted to the deceased for application to a particular purpose; that he failed to so apply it is proved. I see no good reason in the evidence to show why the loan could not have been made. The $800 due on the old mortgage could have been paid out of the proceeds of the new mortgage. Having failed to apply the money to the use for which it had been received, it then became incumbent on the agent to show either that he had returned the money or in some manner applied it to the use of his principal. As this was not shown, we think that judgment was properly rendered for the plaintiff.

The judgment appealed from should be affirmed, with costs.

BROWN, P. J., and DYKMAN, J., concurred.

·Judgment affirmed, with costs.