ROYCE, ALLEN & CO., *vs.* CHARLES H. OAKES.

PROVIDENCE — OCTOBER 1, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

A count in a declaration which sets forth property in the plaintiff, its value, and the conversion thereof by the defendant at a time and place certain, sufficiently states a case in trover.

If one receive specific money for safe keeping, to be delivered to the plaintiff on demand, it becomes his duty to deliver the same specific money; and a wrongful conversion thereof to his own use will sustain an action for trover.

A count setting forth facts which constitute larceny is demurrable, unless it also appear that complaint for the crime has been made to some proper magistrate.

ACTION OF TRESPASS on the case. Certified from the Common Pleas Division and heard on demurrer to each count in the declaration.

TILLINGHAST, J.    This is an action of trespass on the case, in which the plaintiffs set out in the first count of their declaration that on the 15th day of January, 1894, they delivered to the defendant the sum of $1,714.60 in money, together with three gross of napkin rings of the value of $49.26, said money and goods being the property of the plaintiffs, for safe keeping, and to be redelivered by the defendant to the plaintiffs thereafterwards on the same day ; that the defendant received said money and merchandise for the purpose aforesaid, yet, not regarding his duty in that behalf, afterwards on the same day, intending and contriving to injure the plaintiffs, fraudulently and unlawfully converted said money and goods to his own use, and, although thereafterwards duly requested, he neglected and refused to deliver said money and goods, or any part thereof, to the plaintiffs.

The second count of the declaration sets out that on the 15th day of January, 1894, the plaintiffs authorized the defendant to collect and receive for them the sum of $1,714.60 in money, and also certain goods and chattels, to wit, three gross of napkin rings, from divers persons, and thereupon to render and deliver the same to the plaintiffs, said goods, chattels and money then and there of right appertaining to the plaintiffs.    And the plaintiffs aver that the defendant, pursuant to said authority, thereafterwards on the same day collected and received said money and said merchandise for the plaintiffs ; yet that the said defendant, not regarding his duty in that behalf, although thereunto requested, neglected and refused to render and deliver to the plaintiffs said money and goods, but then and there fraudulently and unlawfully converted the same to his own use by expending or dissipating the same, or otherwise disposing thereof contrary to law.

To the first count of the declaration the defendant demurs, on the grounds :    (1) That the matters therein stated do not

set forth a cause of action against the defendant. (2) That, whereas said action is trespass on the case, said count states no cause of action against the defendant unless the same be an action for breach of contract. (3) That said count does not state facts constituting an action of trespass on the case against the defendant, but if any cause of action sounding in tort is therein stated, the same is an action of trover, and not trespass on the case. And (4) that said plaintiffs join a cause of action for breach of contract with a cause of action sounding in tort.

The defendant also demurs to the second count of the declaration, on the same grounds.

We think the demurrer to the first count should be overruled; for, while it is somewhat inartificially drawn, yet it sufficiently states a case in trover, which is a species of action on the case. It sets out property in the plaintiffs, alleging a value thereof, together with the conversion thereof by the defendant at a certain time and place; and we think this is sufficient. For, while it is customary to incorporate into the declaration the legal fiction that the plaintiff casually lost the goods and chattels described, and that the same thereafterwards came to the defendant's hands by finding, yet we think it is sufficient to allege that they came to his hands generally, the conversion being the gist of the action. See Oliv. Prec. 3d ed. 467 ; Gen. Laws R. I. cap. 235, §§ 4, 5.

But the defendant contends that trover lies only for the conversion of personal chattels, and does not lie for the failure to deliver to the plaintiffs *money, as such;* and that the proper form of action as to that is assumpsit, for money had and received. It is true that the obligation to *pay* money to another is primarily within the confines of assumpsit, or debt ; but the cause stated in said first count shows something more than a debt. It shows a trust coupled with a specific duty, together with a breach of the trust and a fraudulent violation of the duty. It shows that the defendant received the money in question simply for safe keeping, the same to be delivered to the plaintiffs on demand, and that instead of discharging the duty thus devolved upon him he wrongfully

converted the money to his own use.  Having received the money in specie, simply for safe keeping, it was his duty to deliver the *same specific money* to the plaintiffs on demand. See *Donohue* v. *Henry*, 4 E. D. Smith, 162 ; *Worley* v. *Moore*, 97 Ind. 15 ; *Richmond* v. *Soportos*, 18 N. Y. Supp. 433 ; 26 Am. & Eng. Ency. L. 766 ; *Coffin* v. *Anderson*, 4 Blackf. 395 ; *Govett* v. *Radnidge*, 3 East, 62–70.

As to the napkin rings, of course no question is made that they are the subject of trover and conversion.

But the defendant contends that the plaintiffs have joined in the same count a cause of action *ex contractu* with a cause of action *ex delicto*, and hence that it is demurrable.  As we construe the count there is no such misjoinder.  It simply sets out the manner in which the defendant became possessed of the property in question, his duty regarding the same, and his wrongful conversion thereof to his own use.  In short, it states a case wholly sounding in tort and not in assumpsit.

As to the second count, we are of the opinion that it is demurrable in that it sets out facts which, if proved, render the defendant guilty of the crime of larceny under Gen. Laws R. I. cap. 279, § 16.  And, this being so, the action will not lie until after complaint has been made to some proper magistrate for said crime.  Gen. Laws R. I. cap. 233, § 16 ; *Baker* v. *Power Co.*, 14 R. I. 531.  For a full discussion of the distinction between actions of tort and assumpsit, where money has been wrongfully converted, see *Orton* v. *Butler*, 2 Chitty, 343.

The demurrer to the first count is overruled ; the demurrer to the second count is sustained, and the case is remitted to to Common Pleas Division for further proceedings.

*Irving Champlin*, for plaintiffs.

*Cyrus M. Van Slyck and Charles C. Mumford*, for defendant.