ANNIE L. LARSON *vs.* GEORGE DAWSON.

PROVIDENCE—JULY 18, 1902.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Trover. Conversion of Money in Specie.*

Trover will not lie for money delivered to the defendant to be expended in behalf of the plaintiff, which defendant converted to his own use.

TRESPASS ON THE CASE for trover. The facts are fully stated in the opinion. Heard on demurrer to declaration, and demurrer sustained.

TILLINGHAST, J. This is an action of trover for the alleged conversion by the defendant of nine hundred dollars in money belonging to the plaintiff.

The declaration sets out that on the 19th day of July, 1901, the plaintiff was possessed of a large sum of money, to wit, nine hundred dollars lawful money of the United States, and that on said day he entrusted said money to the defendant with the request that he should purchase for the plaintiff out of said money a certain lot of land situate on Greene street in Pawtucket, the defendant to pay for said lot the sum of·six hundred and fifty dollars, and that with the remaining two hundred and fifty dollars he was to commence the erection of a house on said lot for the plaintiff; that the defendant received said money in pursuance of said request, and afterwards, to wit, on the 23d day of October 1901, he informed the plaintiff that he would not purchase said lot of land with said money, nor would he return the money to the plaintiff; that the plaintiff thereupon demanded of the defendant the said nine hundred dollars, which the defendant refused to deliver, and, not minding or regarding his duty in this behalf, but intending and contriving to injure and defraud the plaintiff, fraudulently and unlawfully converted said money to his own use by expending or dissipating the same, or otherwise disposing thereof contrary to law. And the plaintiff avers that criminal pro-

ceedings were instituted against the defendant, for embezzling said money, before the commencement of this action.

To this declaration the defendant demurs, on the ground, amongst others, that the action of trover will not lie for money delivered to the defendant under the circumstances above set forth.

We think the demurrer must be sustained

The action of trover is a remedy to recover the value of personal chattels wrongfully converted by another to his own use. And in order to sustain it the plaintiff in such an action must show a legal title thereto in himself ; that is, he must prove property therein, either general or special, coupled with the right of immediate possession at the time of the conversion. *Machine Co.* v. *Voelker*, 23 R. I. 441. He must also be able to identify the goods and chattels alleged to have been converted, with reasonable certainty at least, or, at any rate, to so describe the property as to render it capable of identification, in order that it may be determined whether in fact it belonged to him as alleged at the time of its conversion.

The question whether money can be the subject-matter of an action of trover generally depends upon whether there is any obligation on the part of the defendant to deliver specific money to the plaintiff. A servant who receives a sum of money for his master, which he converts to his own use, is liable in this form of action, because the law imposes upon him the duty of returning the money in specie. Thus, in *Royce, Allen & Co.* v. *Oakes*, 20 R. I. 252, this court held that where the defendant was charged with receiving the money in question simply for safe keeping, the same to be delivered to the plaintiffs on demand, trover would lie against him for converting said money to his own use.

In *Struthers* v. *Peckham*, 22 R. I. 8, the money sued for was rolled up in a canvas belt and placed in the defendant's safe, with his permission. It was therefore in his possession for safe keeping, and was also capable of identification. See also *Jones* v. *Hunt*, 74 Tex. 657.

Of course the action will also lie where one unlawfully takes money from the possession of the plaintiff. It will also lie

where a bank treats a special deposit as general assets.　*Bank* v. *Dunbar*, 118 Ill. 625.

In Am. & Eng. Ency. of Law, vol. 26, p. 767, the law bearing upon the question under consideration is stated as follows : "Trover lies for the conversion of money when there is an obligation on the part of the defendant to return specific coin or notes intrusted to his care.　So the action will lie for money received by the defendant and not paid over as requested, or for money paid by mistake to the wrong person.　Where the money can be identified, as specie on special deposit, or bank bills by proof of denomination, trover will lie.　So bank bills deposited in pledge may be recovered in this form of action ; and the rights of the plaintiff are not prejudiced by the fact that the subject-matter of the action is money, or the bills of the bank itself, but the same principle is to govern as if the article deposited had been a watch or a jewel."

(1)　The facts set out in the declaration before us fail to show a case which falls within the requirements above stated.　They are, in short, that in July, 1901, the plaintiff entered into an agreement with the defendant whereby the latter was to purchase for the former a certain lot of land at a certain price and commence the erection of a house thereon ; that the sum of $900 was advanced by the plaintiff for these purposes, and that several months afterwards the defendant refused to purchase said lot of land, and also refused to return said sum of money to the plaintiff on demand being made therefor, but converted the same to his own use.　It is to be observed that no description is given of said money, except that it was "lawful money of the United States."

That this money was not delivered to the defendant for safe keeping, is evident.　It was to be expended, in behalf of the plaintiff, in certain directions.　Under the agreement entered into, the defendant doubtless would have been warranted in immediately depositing said money in a bank and drawing thereon as occasion required in carrying out the contract aforesaid.　And that such an act would have rendered it impossible to return the same identical bills to the plaintiff, and also impossible for the plaintiff to describe and identify the money

needs no argument. And, this being so, we think it is clear that trover therefor cannot be maintained. In *Donodue* v. *Henry*, 4 Ed. Smith, 162, it was held that an action in the nature of trover will not lie for money which, with the plaintiff's assent, has gone into the defendant's possession and been mingled with his own funds.

It is evident, from the facts set out in the declaration, that it was never contemplated by either of the parties that this fund of $900 was to be kept intact in specie, or that the title thereto was to remain in the plaintiff pending the carrying out of the contract ; but, on the other hand, that it should pass to the defendant at once upon delivery, as the title to money ordinarily passes, to be used by him for the purposes aforesaid. Had the agreement in question been an executory one, and the money or some part thereof been capable of identification, the case would have been different. Thus, in *Graves* v. *Dudley*, 20 N. Y. 76, the plaintiff, having agreed to loan $250 to third parties, handed bank bills to that amount to the defendant, to be delivered by him to the contemplated borrowers when any mistakes in the deed to be given as security for the loan, and which was then handed to the plaintiff, should be rectified, if, on examination, any mistake should be found. The plaintiff, after examining the papers, tendered them to the defendant and demanded the bills ; and it was held that he could maintain an action for the specific recovery thereof on the ground that, the contract for the loan remaining executory, delivery of the money to the defendant did not change the title to the bills.

The court further held that there is nothing in the nature of bills or of money to make a delivery of them work a change of ownership when such was not the intention, or to prevent their being specifically recovered *when so identified* as that delivery may be made. In that case there was evidence to identify some of the bills delivered to the defendant, and hence the court held that the motion for nonsuit in the court below was properly denied.

As we are of the opinion that the case at bar is practically ruled by the second opinion of this court in *Royce, Allen & Co.*

v. *Oakes*, 20 R. I. p. 418, further discussion thereof is unnecessary.	See also *Riley* v. *La Rue*, 20 R. I. 425.

We have examined the cases relied on by plaintiff's counsel in support of the declaration, but do not find that they sustain the position taken.	*Crosby* v. *Clark*, 80 Hun. 426, was an action by a principal against his agent to recover moneys received by the latter in the course of his agency.	So far as appears from the report thereof, it was merely an action for money had and received.	*Richmond* v. *Soportos*, 18 N. Y. Supp. 433, was an action for the wrongful conversion of a check given for the sum of $719.64, and the plaintiff was allowed to recover for that amount.	That a check, note, or other writing of value may properly be the subject of an action of trover, probably no lawyer would question.	*Tobin* v. *Kage*, 19 N. Y. Supp. 440, was a case where it was held that the treasurer of a village, when directed by the trustees thereof to pay a claim against it, has no right to withhold a part of the amount and apply it in payment of an open account of his own against the holder of the claim.	It is stated in the opinion that the action was for conversion by the defendant of the unpaid balance of $16 which was coming to him from the village.	But there is no discussion as to the form of action, and nothing to show that it was not in effect a simple action of tort to recover said balance which, for aught that appears, may be allowable under the code of New York.	At any rate, it furnishes no sufficient support for the declaration before us.

The demurrer is sustained.

*Thomas F. Vance*, for plaintiff.
*Miller & Carroll*, for defendant.