FRANKLIN H. HAZELTON *vs.* SPERRY H. LOCKE.

Cumberland.   Opinion April 23, 1908.

*Special Property Gives Plaintiff a Remedy.   Trover for Money.   Same may be Maintained, When.   Declaration.   Trover for Money as Between Principal and Agent.*

When the manager of a life assurance society appoints an agent to canvas for applications and collect premiums on all policies obtained by him, which premiums so collected are to be paid by the agent to the manager of the society, then as between the manager and the agent the manager has a special property in the premiums collected by the agent and is entitled to receive them, and this right gives him a remedy against the agent upon his refusal to pay over the same as directed.

In a declaration in an action of trover for the alleged conversion of money, only the same certainty is required as in indictments and it is not necessary to set out the money verbatim, the description in a general manner being sufficient.

Legal currency may be the subject of an action of trover as there is nothing in the nature of money making it an improper subject of this form of action so long as it is capable of being identified, as when delivered at one time, by one act and in one mass, or when the deposit is special and the identical money is to be kept for the party making the deposit, or when wrongful possession of such property is obtained.

Where the relation of a plaintiff and defendant is that of principal and agent, it is necessary in determining whether trover or assumpsit is the proper remedy for money collected by the agent but not turned over, to consider the distinctive quality of money as differing from other kinds of property, and the character and conduct of the agent in receiving and retaining the money collected by him.

From its nature the title to money passes by delivery, and its identity is lost by being changed into other money or its equivalent in the methods

ordinarily used in business for its safe keeping and transmission, and an agent unless restricted by his contract would violate no duty assumed by him by adopting these methods in dealing with the money of his principal. Mere failure to deliver such property in specie on demand would not be technical conversion, nor would the refusal to pay over its equivalent be conclusive evidence of conversion in the sense of the law of trover, but might be the ground for an action of assumpsit.

When the defendant is the agent of the plaintiff for the collection and paying over not of a single premium of insurance but such as are payable for all policies affected by him and he is entitled to receive as commission a certain percentage of such premiums when paid over, an action of trover by the principal might be unjust to the agent by depriving him of his right of set-off and other legal defenses.

In the case at bar, the relation of principal and agent existed between the plaintiff and the defendant and the principal brought an action of trover against the agent for money alleged to have been collected by the agent and converted to his own use. *Held:* That under all the circumstances of the case the action could not be maintained.

On exceptions by plaintiff.    Overruled.

Action of trover for the alleged conversion of $51.13 "in lawful current money of the United States," brought in the Superior Court, Cumberland County. For pleadings, the defendant filed the general issue together with a "special plea" interposing his discharge in bankruptcy as a defense. The case was heard before the Justice of said Superior Court without the intervention of a jury. At the conclusion of the plaintiff's evidence the Justice ordered a nonsuit and the plaintiff excepted. The specific defense presented by the "special plea" was not considered by the Law Court, but the case was decided on the questions raised by the general issue.

The case appears in the opinion.

*Harvey D. Eaton,* for plaintiff.

*Llewellyn F. Hobbs,* for defendant.

SITTING:    EMERY, C. J., WHITEHOUSE, STROUT, PEABODY, CORNISH, KING, JJ.

PEABODY, J.    This was an action of trover for the conversion of $51.13 in the money of the United States. The writ was dated July 8, 1905.

The defendant's plea was the general issue and a brief statement setting out his discharge in bankruptcy under the Bankrupt Act of 1898, and that the claim, demand, debt or action declared on was provable against his estate from which he is discharged, not being excepted by said Act.

The case was tried before the Justice of the Superior Court for Cumberland County without the intervention of a jury.

At the conclusion of the plaintiff's evidence, upon motion of the defendant's attorney, the presiding Justice ordered a nonsuit to which ruling and action the plaintiff excepts and the case is before this court upon the exceptions.

The following is a summary of the facts upon which the nonsuit was ordered:

The plaintiff and defendant entered into a written contract dated February 2nd, 1904, for transacting the business of canvassing for applications for life insurance in the Equitable Life Assurance Society of the United States of which the plaintiff was manager for the State of Maine, upon certain specific terms and conditions among which, that the defendant was to receive commissions on the premiums under various forms of policies which were to accrue only as the premiums were paid to the plaintiff or the Society in cash.

On January 10, 1905, the defendant received of George C. Fuller $51.13 in currency, consisting of bills and silver which was for the premium on a policy of insurance issued on the life of his wife by the Equitable Life Assurance Society, on the first day of April, 1905. The attorney for the plaintiff called on the defendant and asked him for this sum of $51.13, also on two other occasions prior to the commencement of the action, and he declined and refused to deliver the same.

As we view the case it is not necessary to consider the specific defense presented by the brief statement. The general issue raises the following questions:

1. The nature of the property as a proper subject of this form of action and the sufficiency of its description. As specified in the writ the property was money in the currency of the United States and the evidence is that it consisted of bills and silver amounting to

$51.13.   Legal currency may be the subject of an action of trover. There is nothing in the nature of money making it an improper subject of this form of action so long as it is capable of being identified, as when delivered at one time, by one act and in one mass, *Burns* v. *Morris*, 47 Tyrw. R. 485; *Royce, Allen & Company* v. *Oakes*, 20 R. I. 252; *Walter* v. *Burnett*, 16 N. Y. 250; *Farrelly* v. *Hubbard*, 148 N. Y. 592; *Conaughty* v. *Nichols*, 42 N. Y. 83; *Vaudelle* v. *Rohan*, 73 N. Y. Supp. 285; *Reeside's Executor* v. *Reeside*, 49 Penn. State, 322; *Ringo* v. *Field*, 6 Ark. 43; *Wood* v. *Blaney*, 107 Cal. 291; *Michigan Carbon Works* v. *Schad*, 49 Hun. 605; *Wallace* v. *Castle*, 14 Hun. 106; *Duguid* v. *Edwards*, 50 Barbour, 288; *G. T. R. R. Company* v. *Edwards*, 56 Barbour, (N. Y.) 408; *Graves* v. *Dudley*, 6 N. Y. Appeals, 76; or when the deposit is special and the identical money is to be kept for the party making the deposit, or when wrongful possession of such property is obtained. *Murphey* v. *Virgin*, 47 Neb. 692; *Donohue* v. *Henry*, 4 Ed. Smith, 162; *Coffin* v. *Anderson*, 4 Blackf. Ind. 395. In *Moody* v. *Keener*, 7 Por. Ala. 2181, it was held that in actions of tort only the same certainty is required as in indictments, that it was not necessary to set out the money verbatim, that the description in a general manner is sufficient.   This is in accordance with the decisions of this State.   *Stinchfield* v. *Twaddle*, 81 Maine, 273; *Manufacturing Company* v. *Lumber Company*, 96 Maine, 537.

2.   The title of the plaintiff.   It is contended that the evidence shows that the money belonged to the Equitable Life Assurance Society of the United States.   It appears from the evidence that the plaintiff was the manager of this Society in the State of Maine and that the money in question was a premium due to it on one of its life insurance policies.   By the contract the defendant was appointed by the plaintiff to canvass for applications and to collect the premiums on all policies obtained by him, and to pay over forthwith to the plaintiff or to the Assurance Society.   As between the parties the plaintiff having a special property in the premiums collected was entitled to receive them.   This right gave him a remedy against the defendant upon his refusal to pay over the same as directed.   *McKenzie* v. *Nevius*, 22 Maine, 138.

3.   In determining from the circumstances and relation of the parties whether trover or assumpsit is the proper remedy it is necessary to consider the distinctive quality of money as differing from other kinds of property, and the character and conduct of the defendant in receiving and retaining the money in question.   From its nature the title to money passes by delivery and its identity is lost by being changed into other money or its equivalent in the methods ordinarily used in business for its safe keeping and transmission. An agent unless restricted by the terms of his contract would violate no duty assumed by him by adopting these methods in dealing with the money of his principal.   Mere failure to deliver such property in specie on demand would not be technical conversion, nor would the refusal to pay over its equivalent be conclusive evidence of conversion in the sense of the law of trover but might be the ground for an action of assumpsit.   *Orton* v. *Butler*, 4 Eng. C. L. 224 ; *Hennequin* v. *Clews*, 111 U. S. 676 ; Vol. 1, Federal Statutes Annotated, 580-582.

The defendant was the agent of the plaintiff for the collection and paying over not of a single premium of insurance but such as were payable for all policies effected by him in his business of canvassing, and he was entitled to receive as commission a certain percentage of these premiums when paid over.   An action of trover by the principal might, under these circumstances, be unjust to the agent by depriving him of his right of set-off and other legal defenses.   *Orton* v. *Butler*, supra.

*Exceptions overruled.*