[Civ. No. 2389.     Second Appellate District, Division One.—November 14, 1919.]

## W. M. KNAPP, Appellant, v. R. F. LYMAN, Respondent.

[1] SALES—DELIVERY OF POSSESSION—TRANSFER OF TITLE NOT IMPLIED.—Mere delivery of possession does not imply a transfer where personal property is concerned, it being at most only *prima facie* evidence of such transfer.

[2] ID.—OBTAINING POSSESSION THROUGH FRAUD—INNOCENT PURCHASER NOT PROTECTED.—One who purchases an automobile from another who obtained possession of it through criminal fraud perpetrated upon the owner, cannot recover possession of the automobile from the owner, who subsequently found his automobile standing on the street and took possession of it, on the theory that he is an innocent purchaser from one invested with such *indicia* of title as to estop the owner from asserting his title.

APPEAL from a judgment of the Superior Court of Los Angeles County.     Charles Wellborn, Judge.     Affirmed.

The facts are stated in the opinion of the court.

Carlyle Wynn for Appellant.

Arthur Keetch for Respondent.

JAMES, J.—In this action plaintiff sought to recover possession of an automobile alleged to have been wrongfully taken and detained by the defendant. The judgment was adverse to the claim and plaintiff appealed.

The defendant, as the facts appear in the evidence, was the owner of the automobile in question. He desired to sell it and placed an advertisement in a newspaper. A person appeared in answer to the advertisement and pretended that he had a *bona fide* purchaser for the automobile. This person arranged a meeting between the owner of the machine and the alleged purchaser, and the parties met, there being present still another individual who posed as a mechanic. To abbreviate the story, suffice it to say that the evidence established that these individuals entered upon a scheme to defraud defendant of his automobile, and they succeeded in getting possession of it by giving a worthless draft. In the course of the transaction, however, they obtained from Lyman, the owner, a bill of sale of the machine. That they acquired no title to the automobile, which they obtained either by committing larceny or the crime of obtaining property by false pretenses (it is immaterial here to determine which), is not disputed on the part of appellant. Appellant claims only that the respondent invested the men who defrauded him of his automobile with such *indicia* of title as to estop him from asserting ownership of the machine as against the plaintiff, a claimed innocent purchaser. A few days after the alleged transaction, the respondent found his machine standing on the street and took possession of it. Plaintiff appeared and contended that he had purchased it from one of the trio hereinbefore referred to. According to the testimony of appellant, he gave some money and some jewelry in payment for the machine. The bill of sale given by respondent to the men was not exhibited to him and, by the testimony of appellant, the men told a tale entirely different from the truth as to how they had obtained possession of the machine. The person who sold the machine to plaintiff claimed that it had been brought from the east by a tourist and purchased by the then possessor, who, on account of trouble with his wife, desired to dispose of it. It is quite clear that appellant in purchasing the machine relied wholly upon the representations of the persons with whom he was dealing. Hence, the existence of the bill of sale signed by the respondent is immaterial to the case. The only act, then, which was committed on the part of respondent which would give any color of ownership to the automobile in the hands of the fraudu-

lent procurers thereof was the act in delivering possession to the latter. [1] It has long been held that mere delivery of possession does not imply a transfer of title where personal property is concerned. At most, it is only *prima facie* evidence of such transfer. (1 Williston on Sales, sec. 313.) To the same effect respondent cites 35 Cyc. of Law, p. 360; particularly the case of *Globe Milling Co.* v. *Minneapolis etc. Co.*, 44 Minn. 153, [46 N. W. 306]. Conditional sales are often made under which title is effectually reserved in the vendor, who rests secure against any claim of alleged innocent purchasers. (*Van Allen* v. *Francis*, 123 Cal. 474, [56 Pac. 339].) [2] The case here, if anything, is a stronger one, because the possession of the property was caused to be delivered up by reason of criminal fraud perpetrated by the persons who obtained the property from respondent.

We find no error which requires that the judgment be disturbed.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.