[Civ. No. 4683. Third Appellate District.—January 10, 1933.]

HUGO McKINLEY, Appellant, v. LEE E. SMITH, Defendant; FIDELITY AND DEPOSIT COMPANY OF MARYLAND (a Corporation), Intervener and Respondent.

J. W. Hawkins, L. B. Schlingheyde and Joseph A. Brown for Appellant.

Thomas E. Davis for Respondent.

PLUMMER, J.—Plaintiff began this action to obtain a judgment against the defendant Lee E. Smith for the recovery of $650. After the action was begun the Fidelity and Deposit Company of Maryland, a corporation, was allowed to intervene. Judgment went for the defendant and intervener and the plaintiff appeals.

The record shows that on or about the sixth day of February, 1931, the Modesto branch of the American Trust Company, a banking institution, was held up and robbed of the sum of $1548. The man robbing the bank passed .across the counter to the teller a check upon the back of which was written a demand for all the money in sight, and at the same time presenting a gun to enforce his orders. After obtaining the money this person ran out of the bank, stopped an automobile and commanded the driver thereof to step on the gas and speed away. About two weeks later Russell Hill was apprehended in St. Joseph, Missouri, and at the time of his apprehension had upon his person between $600 and $700 in currency. This money was taken from the person of Russell Hill by the police officers making the arrest at St. Joseph, Missouri, and by them delivered into the possession of Lee E. Smith, the chief of police of Modesto, who had gone to St. Joseph, Missouri, to bring the person of Russell Hill back to Modesto for trial.

The record shows that upon the return of the chief of police with Russell Hill to Modesto he was identified by the teller of the bank who had been held up, identified by the driver of the automobile commandeered by Russell Hill after holding up the bank, and was also identified by Miss Elsie Osterberg, who was standing immediately behind Russell Hill at the time of the robbery.

Following the preliminary examination of Russell Hill, held at Modesto, his trial in the superior court was set for May 7, 1931. Two or three days previously to the trial Russell Hill committed suicide in the county jail at the city of Modesto.

On the seventh day of March, 1931, after Russell Hill had been returned to the city of Modesto, and had employed counsel, the record shows that he gave to his counsel the following written instrument, introduced as ''Plaintiff's Exhibit A'':

"Modesto, Calif. March 7, 1931.
"To Lee E. Smith, Chief of Police,
    "Modesto, California.
    "You will kindly deliver to my attorney Hugo McKinley, Six Hundred Dollars, being due him for services rendered and to be hereafter rendered in my behalf. This money was taken off of me by the police officers in St. Joseph, Missouri, at the time of my arrest. You will also deliver to my attorney the money refunded me for my railroad ticket while at St. Joseph, and oblige,
    "Yours truly,
    "RUSSELL HILL.

"Received a copy of the within order this 17th day of March, 1931."

The money held by the chief of police which was taken from the person of Russell Hill in St. Joseph, Missouri, not having been delivered to the plaintiff upon the presentation of the written instrument just set out and oral demand for the money, this action was begun.

The first paragraph of the complaint is in the following words and figures:

"That the plaintiff is now and at all times herein mentioned was the owner of and entitled to the possession of that certain Six Hundred Fifty Dollars ($650.00) taken from the person of Russell L. Hill at St. Joseph, Missouri,

and delivered to the possession of the defendant in St. Joseph, Missouri, and now in the possession of the said defendant; that the value of said money is Six Hundred Fifty Dollars ($650.00).''

The answer admits all of paragraph I of the complaint, save and except as to the ownership of the money.

The assignment executed by Russell Hill purports only to transfer to him $600 for alleged services, and includes an item for a refund obtained on the railroad ticket, without specifying the amount. The complaint, as we have just stated, is for the sum of $650.

Upon the trial of the action it appears that the court permitted the witness Smith to testify to statements made by the arresting police officers in St. Joseph, Missouri, in the presence of Russell Hill, at the time when the money referred to was handed to Smith by the police officers that the money so handed to Smith was taken from the person of Russell Hill, and that after this statement was made, Russell Hill was asked by Smith as to what he had to say, to which Hill replied: ''I ain't saying anything.''

The transcript further shows that the money so turned over to Lee Smith, the chief of police of the city of Modesto, and brought by him back to the city, together with the person of Russell Hill, contained, among other denominations, a certain $10 bill of which the Modesto bank had a memorandum of the serial number, showing that it had been stolen on the day in question by the person who had robbed the bank of $1548 in currency. Upon this appeal it is urged that the admission of this testimony constitutes reversible error, and without this testimony the judgment cannot be sustained.

In order to sustain the verdict the record must show that Russell Hill was the same person who robbed the bank on February 6, 1931; also, that the money in question was taken from his person, and that the money, or some of it, taken from the person of Russell Hill, could be identified so as to sufficiently sustain the inference that the whole sum of money taken from the person of Russell Hill was the remaining part of the money stolen from the Modesto bank. The identification of the person of Russell Hill as the robber of the bank stands out in the record without contradiction, amply sufficient to sustain a finding of the

jury beyond every reasonable doubt that Russell Hill was the robber of the bank. His suicide two or three days preceding the trial prevented, of course, the question ever being presented to a jury so as to necessitate proof beyond a reasonable doubt. This being a civil action, all that was required was to establish the facts by a preponderance of the evidence.

■ Was the admission of what was said by the police officers in the presence of Russell Hill when the money involved in this action was turned over to the possession of the chief of police of the city of Modesto, erroneous, and if erroneous, is it of such a prejudicial character as to necessitate a reversal herein? The answer is found in the assignment upon which the plaintiff bases his right to the possession of the money, and also the complaint filed by him. The assignment, as we have set it forth, contains the following words: "This money was taken off of me by the police officers in St. Joseph, Missouri, at the time of my arrest." The complaint in the first count, which we have set forth likewise shows the taking of the money from the possession of Russell Hill. It uses these words: "That certain $650.00 taken from the person of Russell L. Hill, at St. Joseph, Missouri, and delivered to the possession of the defendant in St. Joseph, Missouri, and now in the possession of the defendant." The very basis of the plaintiff's action is that he is entitled to the money which was taken from the person of Russell Hill in St. Joseph, Missouri, by the police officers at the time of Hill's arrest, and turned over to the chief of police of the city of Modesto. In the face of the complaint and the assignment thus set forth, and fixing the very fact to which the alleged hearsay testimony referred, is so definite and certain that it seems now almost passing strange that the admission of testimony, even though it be hearsay to support the very facts set forth in the plaintiff's alleged title to the money and the complaint upon which he bases this action, should now be alleged as prejudicial error. The plaintiff's exhibit "A" and his complaint obviated any necessity of proving that the money involved in the action was taken from the person of Russell Hill, and whether admissible or inadmissible, any further testimony supporting the fact would only be cumulative and tend to prove a

fact admitted by the pleadings and supported by the plaintiff's own exhibit.

The record further shows that at the time that the plaintiff presented his assignment signed by Russell Hill, purporting to transfer the ownership of the money in question from Russell Hill to the plaintiff, the plaintiff specifically excepted in his demand upon the chief of police the turning over and delivery to him of the $10 bill of which the bank had the serial number, and taken from the possession of Russell Hill. Why the plaintiff did not want all of the money is sufficiently apparent from what we have said, and needs no further comment.

The record further shows that at the time of the assignment upon which the plaintiff bases his right of action, and prior thereto, he knew that Russell Hill was confined in the county jail of the county of Stanislaus, in the city of Modesto, charged with robbing the Modesto branch of the American Trust Company. This fixes the fact that the plaintiff is not in the position of an innocent holder, and took no better title than that possessed by Russell Hill, the man identified beyond any reasonable controversy, as the one who held up the bank.

In addition to what we have said the record shows that Russell Hill was arrested in St. Joseph, Missouri, about two weeks after the robbery of the bank in Modesto. The marked $10 bill had not been paid out to any other person, and it could not have come into the possession of Russell Hill unless he were the one who had robbed the bank, or had obtained the bill from someone who had robbed the bank. The record being practically incontrovertible that Russell Hill was the one who robbed the bank, the jury could not reasonably have come to any other conclusion than that Russell Hill was the person who robbed the bank, obtained possession of the marked bill, and took it with him with the other moneys found in his possession, to St. Joseph, Missouri. Under these circumstances no jury could reasonably come to any other conclusion than that Russell Hill was the one who robbed the bank of the $1548, and still had in his possession, as a part thereof, the currency which was found upon him at the time of his arrest. Whether he had a confederate does not appear from the testimony, and what became of the remainder of the currency, of

course, is not disclosed. Hill's lips are sealed, and that question cannot be answered.

With reference to the hearsay testimony, we think the jury had a right to take into consideration as to where Russell Hill had obtained the money when he was asked by the chief of police if he had anything to say, and he replied, "I ain't saying anything." No one who had obtained the money honestly would have made such an answer. After the bank had been robbed the Fidelity and Deposit Company of Maryland, a corporation, the insurance carrier of the bank, took an assignment of the bank's claim, was allowed to intervene herein, and was found by the jury to be the owner of the money involved in this action.

In view of the foregoing, we do not deem it necessary to enter into any technical discussion of the instructions given by the trial court to the jury, nor of the requested instructions that were refused, further than to say that a reading of the instructions shows that the jury was fairly and fully instructed, and that no error is disclosed sufficient to warrant any reversal, if error there be.

We do not deem it necessary to cite any authorities in this case, as what we have said, as disclosed by the record, is sufficient to satisfy any reasonable man that the money involved herein was a part of the currency stolen by Russell Hill, from the bank in Modesto, and that anyone taking an assignment from him, with knowledge, would acquire no title.

The judgment is affirmed.

Thompson (R. L.), J., and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 9, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 9, 1933.