[Civ. No. 21618.   Second Dist., Div. Two.   June 15, 1956.]

KELLEY KAR COMPANY (a Corporation), Respondent, v. MARYLAND CASUALTY COMPANY (a Corporation), Appellant.

Everett H. Smith for Appellant.

R. F. Neuman and Allan M. Carson for Respondent.

MOORE, P. J.—The judgment herein awarded the Kelley Kar Company possession of a Mercury automobile which it had sold on a conditional sale contract. The vehicle was allegedly purchased with money stolen from an Oklahoma bank and the trade-in of a Buick automobile. Appellant, insurer of the bank and now its subrogee by virtue of having paid the loss, demands the value of the Buick which was traded in on the Mercury, and the identifiable stolen money in order to recoup its loss as insurer of the bank.

On July 29, 1954, one James D. Holland robbed the Farmers National Bank of Erick, Oklahoma, taking therefrom $22,158. On August 2, 1954, Holland purchased from respondent a Mercury. He paid cash $1,000.80 and turned in a Buick which evidently had been purchased with the stolen funds, leaving due on the conditional sale contract for the Mercury a balance of $1,582.80. On or about August 4, 1954, the Federal Bureau of Investigation impounded the Mercury and $800 of the purchase price as being identifiable money from the bank robbery. Thereafter, respondent, having declared Holland's default on the conditional sale contract, asserted claim to the Mercury and the $800. Appellant also claimed them. From the judgment in favor of respondent, Maryland Casualty Company appeals, demanding (1) return of $800 as identifiable loot money; (2) return of the Buick automobile which appellant contends was purchased with the stolen money.

One who receives stolen money in good faith and for good consideration will prevail over the unfortunate victim of the thief. (*State Nat. Bank* v. *United States,* 114 U. S. 401 [5 S.Ct. 888, 29 L.Ed. 149]; 25 L.R.A.N.S. 632; 36 Am. Jur. 460, 461, § 6, n. 6; *Porter* v. *Beha,* 8 F.2d 65, 75.)

Appellant contends that one who purchases stolen property has no greater right than he who stole the property and cites the case of *Hilliard* v. *Bank of America,* 102 Cal.App.2d 730 [228 P.2d 327]. That case is distinguishable. It involved a stolen vehicle. Of course no title of a stolen chattel can pass from the thief. However, the instant action does not involve a stolen chattel. The Buick automobile taken by respondent in trade was not stolen by Holland. It was purchased by him with stolen funds. Section 1744 of the Civil Code provides: "Where the seller of goods has a voidable title thereto, but his title has not been avoided at the time of the sale, the buyer acquires a good title to the goods, provided he buys them in good faith for value, and

without notice of the seller's defect of title.'' ■ It is common knowledge that not every business man can delve into the problem of how or where or with what funds a chattel offered him for purchase was acquired. ■ So long as he buys in good faith and exercises all the precautions as to title that the reasonable man would exercise and so long as he is not put on notice by an unusually low price, it must be deemed that the transaction was valid and in the normal course of business. Only bad faith on the part of such purchaser of a chattel purchased with stolen money can deprive him of ownership of the chattel.

Of course, if such purchaser should have paid an unreasonably low price for the article acquired, or if by any other means he was put on such notice as a reasonably prudent man would have interpreted to be tantamount to a declaration by the thief that the chattel had been purchased with stolen money, he cannot retain the movable against the innocent victim of the robber. But such is not the situation at bar. Respondent paid a substantial value for the Buick.

■ Appellant contends that respondent declared the conditional sale contract delinquent after the first payment was defaulted, but after knowledge had been gained of its purchase with stolen funds. The law does not require a man to sit idly by and not protect his investments. Respondent was within its rights to foreclose the contract upon its becoming delinquent. Its contract had been entered into in good faith and it had parted with ample consideration for the Buick. From that point forward, respondent was entitled to act on the face of the contract regardless of any information that might have come to its attention at a later date.

Appellant contends that stolen identifiable money must be returned, citing *Baxter* v. *King,* 81 Cal.App. 192 [253 P. 172]. In the Baxter case, the money which belonged to a partnership of which Mrs. King's deceased husband had been a member, was allegedly converted by his widow; whereupon the administratrix of the King estate sued the widow, contending that she had represented herself as the administratrix of the estate of King and had acquired certain assets of the partnership which belonged to the plaintiff as the sole surviving partner. It was merely an alleged fraudulent conversion. No fact involved is concerned with the right to recover from one who in due course acquired a chattel that had been purchased with stolen money.

*Los Angeles Drug* v. *Superior Court,* 8 Cal.2d 71 [63 P.2d 1124], involved a conspiracy to convert goods to money. *Knapp* v. *Lyman,* 44 Cal.App. 283 [186 P. 385], involved a conspiracy where a bad check was given for title to a car. The car was then delivered to a supposed bona fide purchaser. The court there held that mere delivery was given to the bona fide purchaser. No title was passed: merely a sales receipt and the car was far under-priced. It was not a purchase in good faith. Neither is *McKinley* v. *Smith,* 128 Cal.App. 591 [17 P.2d 1032], applicable. An assignment of stolen money was made to the thief's attorney, the latter having had knowledge of the robbery. Furthermore, the serial numbers on the money rendered it identifiable. The court correctly found that the attorney did not take the money in good faith, having knowledge of the robbery and from where the money came.

Appellant asserts that it is the subrogee of the insured band and therefore is entitled to all the rights and privileges of such bank. However, its demands against respondent, a bona fide purchaser, in due course, of the Buick car which the thief later exchanged for the Mercury cannot prevail in view of the quoted principle and cited authorities. There is absolutely no showing of bad faith or of previous knowledge on the part of respondent; it was holder in due course of the traveler's checks and a bona fide purchaser of the Buick car. (Civ. Code, §§ 3133, 3138, 3140.)

Judgment affirmed.

Fox, J., and Ashburn, J., concurred.