[No. 7,915. Department Two.—March 21, 1884.]

FLORA MANUEL, ADMINISTRATRIX OF THE ESTATE OF A. MANUEL, DECEASED, APPELLANT, v. HONORÉ ESCOLLE, RESPONDENT.

PARTNERSHIP—ACCOUNTING—CLAIM OF SURVIVING PARTNER—PRESENTATION TO ADMINISTRATRIX.—In an action for an accounting between a surviving partner and the administratrix of a deceased partner, the former is entitled to an allowance for sums drawn by the deceased from the partnership during his lifetime, notwithstanding the claim has not been presented to the administratrix for allowance and approval.

APPEAL from a judgment of the Superior Court of the county of Monterey, and from an order refusing a new trial.

The facts appear in the opinion of the court.

*Gregory & Shipsey, Wm. H. Webb*, and *James A. Wall*, for Appellant.

*S. F. Geil*, for Respondent.

The COURT. — The defendant and plaintiff's intestate were partners, and the complaint is filed to obtain an accounting and settlement of the partnership affairs, the plaintiff alleging that there is due from defendant the sum of $3,192.22. An accounting was had, and the court found a balance of $265.90 due plaintiff, for which judgment was rendered. In arriving at this conclusion, the court heard evidence regarding sums drawn from the partnership by the plaintiff's intestate during his lifetime, and charged the plaintiff, as representative, therewith. Plaintiff claims this to be error, and claims that defendant, in order to have the benefit of the allowance, should have presented to the administratrix and judge, for allowance and approval in course of administration, the amount which he claimed as an allowance in this action.

We are of opinion that the allowance and approval by the administratrix and judge were not prerequisites to the right of the defendant to have the accounts adjusted and the amount claimed allowed as an offset in the accounting.

Section 1585 of the Code of Civil Procedure seems to be clear and explicit as to the powers and duties of a surviving partner.

Judgment and order affirmed.