[Civil No. 871.   Filed March 30, 1905.]

[80 Pac. 352.]

O. K. FRANKLIN, Administrator of the Estate of Jerry
Neville, Deceased, Plaintiff and Appellant, v. M. M.
TRICKEY, Administrator of the Estate of N. H. Chapin,
Deceased, Defendant and Appellee.

1. EXECUTORS AND ADMINISTRATORS—CLAIMS AGAINST ESTATE—PARTNER-
SHIP—ACCOUNTING—DEMAND UPON ADMINISTRATOR UNNECESSARY
—REV. STATS. ARIZ. 1901, PARS. 1739, 1742, 1743, 1749, CONSTRUED.
—Paragraphs 1739 and 1742, *supra,* provide for the publication
by executors and administrators of notice to creditors to exhibit
claims, and state that all claims arising upon contract must be
presented within the time mentioned in the notice, or be barred.
Paragraphs 1739 and 1743, *supra,* provide that if the claim be not
due, or be contingent, the particulars must be stated, and that no
holder of any claim shall maintain any action thereon unless the
claim is first presented to the executor or administrator. Upon
the death of one partner the assets of the partnership passed into
the hands of the surviving partner, who in turn died five days
later. The administrator of the surviving partner took control of the
partnership affairs and wound them up, retaining as administrator
all the proceeds. *Held,* that said surviving partner's administrator
became a trustee of whatever portion of said property might be
adjudged to belong to said first partner, and that that portion
was no part of the surviving partner's estate nor subject to the
requirements of statutes, *supra,* and that the administrator of the
partner first deceased was entitled to maintain an action against
the surviving partner's administrator for an accounting, without
first presenting any demand.

2. REPORTS—UNOFFICIAL—AUTHORITY.—The omission of an opinion of
a court of last resort of a sister state from its official reports,
though unofficially reported, permits this court to disregard it.

APPEAL from a judgment of the District Court of the
First Judicial District in and for the County of Santa Cruz.
George R. Davis, Judge.   Reversed.

The facts are stated in the opinion.

S. L. Kingan, Barnes & Martin, and S. M. Franklin, for
Appellant.

The surviving partner, Chapin, immediately after the death of Neville had two separate estates or properties in his possession,—to wit, the partnership estate and his individual estate. The partnership estate he held as trustee. *Smith* v. *Walker*, 38 Cal. 385, 99 Am. Dec. 415.

As the surviving partner held this property in trust for the benefit of all interested in the partnership assets, so the surviving partner's personal representative, his administrator, received it from the surviving partner. As it was a trust estate before the death of the surviving partner, so it remained, and so it came into the hands of Trickey. *Dayton* v. *Bartlett,* 38 Ohio St. 361; Bates on Partnership, sec. 714; *Thompson* v. *Thompson,* 1 Brad. Surr. 24; *Brooks* v. *Brooks,* 12 Heisk. 12; *Theller* v. *Such,* 57 Cal. 447.

Smith & Ives, and Thomas D. Satterwhite, for Appellee.

KENT, C. J.—The complaint in this case alleges that Neville and Chapin were partners; that Neville died on January 3, 1900, and that Chapin, the surviving partner, having possession of the partnership assets, died five days thereafter, and before the partnership affairs were adjusted; that the plaintiff, Franklin (appellant in this court), duly qualified as administrator of Neville's estate, and the defendant, Trickey, duly qualified as administrator of Chapin's estate. The complaint further alleges that the partnership property came into the possession of the defendant, Trickey, as administrator of Chapin's estate, and that he still retains such property, or the proceeds thereof, and has wound up the partnership business; and the plaintiff asks for an accounting of such partnership property, and for the payment to plaintiff, as administrator, of such portion of said partnership property as shall be found to belong to Neville's estate. The court below sustained a demurrer to the complaint on the ground that the complaint was insufficient, inasmuch as it does not contain an allegation that a claim against the estate of Chapin was filed with the administrator, as required by law.

The sole question presented for our consideration by the appeal is whether it is necessary to file a claim with the administrator before such suit as is here before us can be sustained. The provisions of our statute under which it is contended by

the appellee that the presentation of such claim is necessary are as follows: ''Every executor, or administrator must, immediately after his appointment, cause to be published in some newspaper of the county . . . a notice to the creditors of the decedent, requiring all persons having claims against him to exhibit them with necessary vouchers to the executor or administrator.'' ''All claims arising upon contracts hereafter made, whether the same be due, not due, or contingent, must be presented within the time limited in the notice, and any claim not so presented is barred forever.'' Paragraphs 1107, 1110, Rev. Stats. 1887 (re-enacted paragraphs 1739, 1742, Rev. Stats. 1901). ''If the claim be not due when presented, or be contingent, the particulars of such claim must be stated.'' ''No holder of any claim against an estate shall maintain any action thereon, unless the claim is first presented to the executor or administrator.'' Paragraphs 1111, 1117, Rev. Stats. 1887 (re-enacted paragraphs 1743, 1749, Rev. Stats. 1901). It is clear that the law requires, as a prerequisite to an action founded upon a claim against a decedent's estate arising upon a contract, that a claim be first presented to the administrator of such estate. The question for our determination is whether this claim to partnership assets in the hands of an administrator of a deceased partner is a claim against such decedent and his estate within the meaning of the statute. We think that there is no question that the statute does not apply to such a case. The property of the partnership, until the affairs of such partnership be settled and his share paid over to his administrator, is in no sense property of the decedent, or property to be administered as a part of his estate. Indeed, except for the circumstances of this case,—namely, the death of both partners before the partnership was wound up,— the administrator, as such administrator, would have no right to the partnership assets, but the surviving partner would have the right to possession. It was by virtue of the decease of his partner, Neville, that Chapin, as surviving partner, had the right of possession of the partnership assets as against the administrator of Neville. The fact that Chapin died before the partnership was wound up and its affairs settled did not give to Trickey, as Chapin's administrator, any claim upon or right to the partnership assets as a part of Chapin's estate, prior to the distribution and receipt by him, as such

administrator, of Chapin's share therein.  He held such part-
nership funds in trust for the respective partners, as their in-
terest might appear; and while, after a division and settle-
ment of the partnership assets, Chapin's share would properly
become a part of Chapin's estate, to be administered by his
administrator as a part of that estate, and subject only to
claims of creditors when such claims were duly presented in
accordance with the statute, on the other hand, Neville's
share of such partnership or its assets does not become a part
of Chapin's estate, or subject to the requirements imposed
upon creditors of such estate.  Neville's administrator is not
suing to recover upon any claim due from Chapin or his
estate, nor does he allege that the partnership funds have
been administered into Chapin's estate.  He is suing to
recover property of Neville belonging to Neville's estate by
virtue of his partnership relation, which, by reason of Neville's
death and the subsequent death of Chapin prior to a settle-
ment, has, by this elimination of both partners, come into the
hands of the administrator of the last survivor for settlement
by him.  The administrator holds it, not as a part of such
estate, but as Chapin himself held it, in trust; and he is
accountable as a trustee for the completion of such trust.  It
follows, therefore, that this not being a claim against, or
one sought to be paid out of, the assets of the decedent's
estate, no such presentation of the claim was necessary, and the
statute referred to has no application.  1 Abbott's Probate
Law, p. 499; *Marlatt* v. *Scantland,* 19 Ark. 443; *Galbraith* v.
*Tracy,* 153 Ill. 54, 38 N. E. 937, 28 L. R. A. 129, 46 Am. St.
Rep. 867; *Thomson* v. *Thomson,* 1 Bradf. Surr. 24; *Dayton* v.
*Bartlett,* 38 Ohio St. 357; *Brooks* v. *Brooks,* 12 Heisk. 12;
*Carr* v. *Catlin,* 13 Kan. 393; *Gunter* v. *Janes,* 9 Cal. 643; *La-
throp* v. *Bampton,* 31 Cal. 17, 89 Am. Dec. 141; *Theller* v.
*Such,* 57 Cal. 447; *Manuel* v. *Escolle,* 65 Cal. 110, 3 Pac. 411;
*Andrade* v. *Superior Court,* 75 Cal. 459, 17 Pac. 531; *Roach*
v. *Caraffa,* 85 Cal. 436, 25 Pac. 22; *Corson* v. *Berson,* 86 Cal.
433, 25 Pac. 7; *McGrath* v. *Carroll,* 110 Cal. 79, 42 Pac. 466;
*Elizalde v. Elizalde,* 137 Cal. 634, 66 Pac. 369, 70 Pac. 861.

It is contended by the appellee that the sections of our
statute which we have quoted were taken from the California
law, and that at the time of their adoption the supreme court
of California had decided the question adversely to the appel-

lant in this case, and that the statute was adopted with such construction, and that we are bound thereby. But the doctrine invoked has no application to the present case, since we do not find that such a construction, so contrary to the interpretation of the law as found in the California cases already cited, was given to the statute by the supreme court of California at the time of the adoption of the statute by our legislature. The case referred to by the appellee in support of his contention is that of *McKay* v. *Joy*, and we are cited by the appellee to the report thereof found in the ninth Pacific Reporter, at page 940. As there reported, we find that the decision was a commissioner's decision. The case, as stated by the commissioners, showed that McKay and one Joy were partners. Joy died, and the defendant, Joy, was appointed his administrator. The partnership property, which was in the hands of McKay, was taken from him by writ of replevin, and delivered by the sheriff to Joy, the administrator. McKay then brought suit against Joy, as administrator, for an accounting of the partnership property. It appeared on the trial that no claim had ever been presented to the administrator, and the commissioners held that the court below rightfully granted a nonsuit because of the failure to file such claim. The commissioners held that McKay, as the surviving partner, had a right to continue in possession of the partnership property, and could have successfully defended the action in replevin by which the property was taken from him, or could have maintained an action to recover it back; but that the accounting asked for was based upon a claim made against the estate of the decedent arising on a contract, and as such the claim should have been first filed, as required by the statute. At the foot of the commissioner's decision appears the order and judgment of the supreme court, in the usual form, viz: ''For the reasons given in the foregoing opinion, the judgment is affirmed.'' This decision was filed, as it appears, on February 19, 1886. As pointed out by the appellant, this decision of the commissioners and such judgment of the court is not to be found in any volume of the official reports of California. The same case, however, as is shown by the title, the number of the case, and the statement by the court, is found in *McKay* v. *Joy*, 70 Cal. 581, 11 Pac. 832. The opinion, filed on the thirty-first day of August, 1886, is brief,

and is as follows: "THE COURT.—Bill filed by a surviving partner against the administrator for an accounting. The complaint alleged that there never had been any settlement or accounting between the plaintiff and the deceased before the death, nor since with the defendant. Section 1585 of the Code of Civil Procedure gives to the surviving partner ample power to take possession of the property of the partnership and wind up its affairs. It necessarily follows that he does not need the interposition of a court of equity to aid him in doing that which he has ample authority to do himself. Judgment affirmed. Thornton, J., dissented." It seems probable that the supreme court of California, upon further investigation, declined to adopt the views of the commissioners as given in their opinion, but substituted the opinion above quoted, in which the court affirmed the judgment on a different ground; and that the commissioners' decision, reported in volume 9 of the Pacific Reporter, for that reason was directed to be omitted from the official reports. But whatever be the reason for its omission from the official reports, such fact in itself permits us to disregard it.

We think the demurrer to the complaint should have been overruled. The judgment of the district court is therefore reversed and the case remanded to that court for further proceedings.

SLOAN, J., and DOAN, J., concur.