Davidson v. Chalfant.

---

CHARLES L. DAVIDSON, *Appellant*, v. CLARA M. CHAL-FANT *et al.*, *Appellees*.

No. 16,940.

SYLLABUS BY THE COURT.

TAXATION—*Levy and Assessment by De Facto Officers—Valid*. The collection of taxes levied upon real estate by the acting officers of the organization known as Garfield county previous to its dissolution, and shown upon the records transferred to the officers of Finney county under the provisions of chapter 98 of the Laws of 1893 creating Garfield township in Finney county out of the territory formerly known as Garfield county, may be enforced by the sale and conveyance of the land for such delinquent taxes by the proper officers of Finney county, in the same manner that sales and conveyances are made for delinquent taxes charged upon lands situated in other townships of the county.

Appeal from Finney district court. Opinion filed July 7, 1911. Affirmed.

*Milton Brown*, for the appellant.

*O. H. Foster*, and *Edgar Foster*, for the appellees.

The opinion of the court was delivered by

BENSON, J.: The question to be decided is whether the officers of Finney county had authority to complete proceedings to enforce the payment of taxes begun by an assessment and levy made by the acting officers of

Davidson v. Chalfant.

Garfield county before its organization was dissolved by the judgment of this court. (*The State, ex rel., v. Comm'rs of Garfield Co.,* 54 Kan. 372.)

By chapter 98 of the Laws of 1893, the territory formerly known as Garfield county was made a municipal township of Finney county, and provision was made for the delivery of the records, books and papers in the custody of the persons acting as county and township officers of that territory to the officers having the custody of such records in Finney county.

The taxes in question, assessed and levied as before stated, being delinquent, the land upon which they were charged was sold by the treasurer of Finney county, and in the course of usual proceedings provided by law a tax deed was issued to the appellees, who were in possession under it when this action was commenced by the appellant to foreclose a mortgage and to set aside the tax deed. It is contended that the tax is void, and that the authorities of Finney county had no jurisdiction to take any steps to enforce its collection. The district court upheld the tax title.

The argument of the appellant is that the tax deed is void for want of authority to support the sale and the subsequent proceedings upon which it is based.

Garfield county was organized pursuant to an act of the legislature defining its boundaries. The governor recognized the act as valid and proceeded with the organization and proclaimed its existence. It was repeatedly recognized as a county by the legislature and the usual powers of a county were regularly exercised by a board of county commissioners and other county officers. Debts were contracted, bonds issued, assessments made and taxes levied and collected as in other counties, and it was a *de facto* county from the time of its creation in 1887 until its dissolution, March 7, 1893. (*Riley v. Garfield Township,* 54 Kan. 463.) During this period the assessment was made and taxes levied underlying the tax deed under consideration.

19—85 KAN.

In view of the general policy of the law and the decisions of this court it must be held that the acts of the persons recognized and acting as public officers, in making such assessments and levies, were valid as the acts of officers *de facto*. It was said in *Riley v. Garfield Township,* 58 Kan. 299:

"We are driven to the alternative of holding, either that all of the acts of those who were recognized as public officers of Garfield county, between the time when its organization was proclaimed by the governor and the time of its dissolution by the judgment of this court, were void, or that they were valid as the acts of officers *de facto*. The better reason and weight of authority seems to support the latter view, and to make valid the acts of those acting under a law duly passed by the legislature, performed before the act is declared unconstitutional by a competent tribunal." (p. 301.)

The appellant insists that even if the assessment and levy should be considered as valid while the *de facto* organization continued, still when it ceased to exist the tax could not be enforced, and *O'Bryne et al. v. Mayor and Aldermen of Savannah,* 41 Ga. 331, is cited in support of this contention. In that case a tax levied during the civil war for the purpose of aiding the rebellion against the United States was under consideration, and it was held that while a *de facto* government is able to maintain its supremacy by force of arms it may exercise and enforce the power of taxation as an attribute of sovereignty, yet when it is overthrown before the tax is collected the rightful sovereign, whose power is reëstablished, will not enforce it. The distinction between that case and the one under consideration is obvious. Here there is no conflict of sovereignty. While the existence of Garfield county as a *de facto* organization has ceased the object of its organization is recognized as proper and its levy of taxes was made for legitimate purposes.

In *Texas v. White,* 74 U. S. 700, a case involving the disposition of bonds by the *de facto* government of the

state of Texas in aid of rebellion, while it was in progress, the court distinguished between acts of such a government which would be valid if emanating from a lawful government, and which are in general held valid when proceeding from an actual, although unlawful, government, and acts in furtherance of rebellion or to defeat the just rights of citizens, which must in general be held invalid. It will be seen that the Georgia case relates to a tax levied for an unlawful purpose, in fact to aid in subverting the lawful government, and could not consistently be enforced by the rightful authority when restored. Here we must presume the tax was levied for lawful purposes, considered lawful, and its collection should be enforced by any orderly methods provided by law. The sovereign power having dissolved the agency for collection actually existing when the proceedings were begun could provide another agency to carry them to completion. Upon the dissolution of Garfield county such provision was made by chapter 98 of the Laws of 1893, before referred to. The act is general in its terms, and the particular use to be made of the books and records transferred to the officers of Finney county is not specified, but the territory is made a township of Finney county, and in the absence of any limitation or restriction they should be treated as records of Finney county, to be considered and acted upon with respect to property and rights affected thereby the same as other records of the county affecting property and rights in other townships. It is therefore held that the act gave to the officers of Finney county the same authority to enforce the collection of taxes levied by the acting authorities of Garfield county, upon property situated in the new township, that they had to enforce the collection of taxes levied upon property situated in other townships. It follows that the officers of Finney county had the authority to cause the sale and convey-

ance of the land in question for the delinquent taxes levied thereon under the *de facto* organization of Garfield county.

The judgment is therefore affirmed.