MARES, APPELLANT, *v.* MARES, EXECUTRIX, ET AL., RE-
SPONDENTS.

(No. 4,329.)

(Submitted April 13, 1921. Decided June 27, 1921.)

[199 Pac. 267.]

*Partnership—Dissolution by Death—Executors and Adminis-*
*trators—Accounting—Appeal — Rehearing — Statutory Con-*
*struction.*

Partnership—Dissolution by Death—Survivor must Make Accounting to
Executrix of Decedent.
1. Where the affairs of a general partnership dissolved by death
were not fully settled, an action for an accounting by the surviving
partner for his sole benefit, against the executrix of the decedent did
not lie, in view of the provisions of section 7607, Revised Codes,
which *inter alia* make it the duty of the survivor who, in contempla-
tion of law, is in actual possession of the partnership property, to
wind up its affairs, and thereupon account to the personal represen-
tative of the decedent.

Statutes—Adoption from Another State—Construction.
2. Adoption of a statute from another state carries with it the con-
struction placed thereon by the highest court of the state from which
it is adopted.

Partnership—Dissolution—Continued Existence for Purpose of Settlement
of Affairs.
3. Until the affairs of a partnership, dissolved by death or any other
cause, are closed, it has a limited existence for the purpose of col-
lecting its assets, settling all accounts and making good its outstand-
ing engagements.

ON MOTION FOR REHEARING.

Appeal—Rehearing—Limited to Original Grounds Urged.
4. On application for rehearing, the supreme court will not consider
grounds for reversal not presented upon the original hearing.

Partnership—Dissolution by Death—Claims by Surviving Partner—Pres-
entation for Allowance Necessary.
5. Where a partnership is dissolved by death, and upon liquidation
of its affairs, or in course thereof, it appears that the deceased partner
was indebted to the survivor in an amount over and above the part-
nership assets, the latter must present his claim for allowance under
the provisions of section 7525, Revised Codes.

*Appeal from District Court, Lewis and Clark County; W. H.*
*Poorman, Judge.*

---

2. Construction of adopted statutes, see notes in 1 Ann. Cas. 147;
Ann. Cas. 1917B, 651, 660.

[60 Mont. 36.]

Action by Joseph Mares against Emma Mares, as executrix of the last will and testament of Frank Mares, deceased, and another. Judgment for defendants. Plaintiff appeals. Affirmed.

*Mr. Henry C. Smith* and *Messrs McIntire & Murphy,* for Appellant, submitted a brief; *Mr. H. G. McIntire* argued the cause orally.

The demurrer to the amended complaint was sustained on the grounds that the same does not state facts sufficient to constitute a cause of action, and that a suit for an accounting by a surviving partner against the personal representative of a deceased partner will not lie. On the argument of the present demurrer no authorities were cited by counsel for defendants save Revised Codes, sections 7603 and 7607, particular stress being laid on section 7607, and *McKay* v. *Joy,* 70 Cal. 581, 11 Pac. 832. In this latter case section 1585 of the California Code of Civil Procedure, which is practically the same as our section 7607, was given as the sole basis of the decision, reading as follows: "Section 1585 * * * gives to the surviving partner ample power to take possession of the property of the partnership and wind up its affairs. It necessarily follows that he does not need the interposition of a court of equity to aid him in doing that which he has ample authority to do himself." This, possibly would be true if the surviving partner were actually in the possession of all the partnership assets and had the absolute control of the same, but in the instant case it is shown by the allegations of the amended complaint that such possession and control were and are not in the appellant, and it follows, then, that it is impossible to see wherein that case, even if it were good law, which we deny, has any bearing on the instant case with its entirely different statement of facts. Referring to sections 7603 and 7607 of the Revised Codes, it will be at once seen that section 7603 has no bearing whatever on the instant case, and as to section 7607, there is not here presented a case of the surviving partner continuing in the

possession of the partnership, nor the settling by him of its business, nor of his duty to account, *etc.* The firm debts are all paid, but the firm assets in appellant's possession according to the amended complaint are insufficient to satisfy the amount that he is entitled to by reason of the deceased partner having drawn out more than what he was entitled to under the partnership agreement. This, of course, under the elementary rules applicable to the law of partnership entitles him to relief, and what that relief shall be, in the nature of things, and in the light of the allegations of the amended complaint, can only be ascertained after and upon an accounting. This, we submit, is the plain meaning of *Silver* v. *Eakins,* 55 Mont. 210, 175 Pac. 877. And this is the general law on the subject. (See 30 Cyc., title "Partnership," p. 684, note 4; *Marlatt* v. *Scantland,* 19 Ark. 443; *Hargis* v. *Campbell,* 14 Fla. 27; *Gaskil* v. *Adams,* 83 Mo. App. 380.)

The authorities are to the effect that upon the dissolution of a partnership an accounting of one partner against another partner can be had; and if it could have been had against Frank Mares alive, section 7604, Revised Codes, surely provides for such a suit against his executrix. It was so held in *Franklin* v. *Trickey,* 9 Ariz. 282, 11 Ann. Cas. 1105, 80 Pac. 352. (See, also, *Choate* v. *O'Neal,* 57 Ark. 299, 21 S. W. 470; *Arnold* v. *Arnold,* 90 N. Y. 580; *Reese* v. *Kinkead,* 17 Nev. 447, 30 Pac. 1087; *Shields* v. *Fuller,* 4 Wis. 102, 65 Am. Dec. 293.) In *Sweet* v. *Taylor,* 36 Hun (N. Y.), 256, it was held: "An action at law lies by one partner against the executor of a deceased copartner to recover firm assets." In *Hawkins* v. *Capron,* 17 R. I. 679, 24 Atl. 466, it was held: "Trover lies by a surviving partner to recover possession of the firm assets against the representatives of the deceased partners." (See, also, 1 Woerner on Administration, pp. 263, 297; 30 Cyc. 684, note 4.)

Now, if, as is held in some of the above cases, an action at law will lie against the personal representative of a deceased part-

ner, *a fortiori*, must an action in equity lie. But from another standpoint the action is maintainable. Repeatedly has it been decided in Montana, as elsewhere, that until an accounting has been had between partners, and a balance found, one partner cannot sue another at law. (*Boehme* v. *Fitzgerald*, 43 Mont. 228, 115 Pac. 413.)

Now it appears from the allegations of the complaint in the present case, the deceased partner and his estate have received far more than what they were entitled to; the partnership debts and affairs have been fully adjusted and paid, and there remains only the adjustment of the affairs of the partners *inter se*, with an allegation that upon such adjustment, the deceased partner, or his estate, would be largely indebted to the partnership but in an amount not ascertainable except after an accounting, to the surviving partner. To deny this accounting, whether by the executrix or by her and the heirs at law of the deceased partner, would deprive the surviving partner of all rights, in flagrant violation of the fundamental maxim, "For every wrong there is a remedy." (Rev. Codes, sec. 6191.)

*Mr. C. A. Spaulding* and *Mr. O. W. McConnell*, for Respondents, submitted a brief; *Mr. Spaulding* argued the cause orally.

Appellant as the surviving partner, being in possession and having full control of all of the property of the partnership, both real and personal, must account to the executrix of the deceased partner, and she cannot be compelled to account to him. The settlement and accounting of this partnership must, under our statute, come from the surviving partner. It is peculiarly within his power to account, and it is not within the power of the executrix, or the widow or minor child of the deceased to account, and there are no allegations in the amended complaint sufficient to require an accounting by them. In the case of *McKay* v. *Joy*, 70 Cal. 581, 11 Pac. 832, it is held that a surviving partner cannot maintain an action against the personal representative of his deceased partner for an accounting

of the partnership affairs. Counsel for appellant insist that this decision is not good law, and that, even if sound in principle, it is distinguishable from the case at bar, because the amended complaint avers that the surviving partner has not possession of the partnership assets. Even if this were the allegation, which is not the case, it would constitute no valid ground of distinction. The supreme court of California directly so held in the *McKay Case*. There a surviving partner sued the administrator of the estate of the deceased partner for an accounting, averring that all the partnership assets had been seized by such administrator and that none thereof were in his possession. The court held that the action could not be maintained, and that the trial court properly granted a motion for nonsuit. The court further held that it was the duty of the surviving partner to take possession of the partnership property regardless of the claims of other persons thereto, and not having done so, no action for an accounting against the administrator could be maintained. It is the duty of appellant here to have possession of this partnership property as the surviving partner, and he can acquire no right to maintain an action for an accounting against respondents by reason of his refusal to perform this duty.

But the allegation in the amended complaint in the case at bar is not that plaintiff is not in possession of partnership assets. The averment merely is that "plaintiff is not possessed of any of the assets of said partnership save constructively as to certain parcels of real estate which are held in their joint names." This, it is submitted, is an affirmative showing of possession of partnership assets and requires plaintiff to proceed as the statute directs.

Counsel for appellant cite in their brief the case of *Franklin* v. *Trickey*, 9 Ariz. 282, 11 Ann. Cas. 1105, 80 Pac. 352, to sustain the contention that upon the dissolution of a partnership an accounting of one partner against another partner can be had. That general rule is cheerfully conceded, but it does not

follow, as counsel insist, that if, with Frank Mares alive, this action could be maintained, with Frank Mares dead, it can be likewise maintained. This, indeed, is the fundamental error in the entire argument of counsel for appellant. With both partners living they stand upon an equality before the law. Neither has exclusive possession of the partnership assets, and upon neither is imposed the exclusive duty of accounting to the other. With one partner dead, however, the situation is wholly changed. Upon the happening of that event the surviving partner at once becomes entitled to the exclusive possession of the partnership assets, and the duty immediately devolves upon him to wind up the partnership affairs and account to the personal representatives of the deceased partner. Clothed with these rights and resting under these obligations, the surviving partner finds the duty of accounting shifted from an equality and put upon him alone. But the case of *Franklin* v. *Trickey,* *supra,* is not an authority for the proposition to sustain which it is cited by counsel for appellant. Indeed, a cursory examination of the facts stated in the opinion discloses that there the situation was precisely opposite to that disclosed by the record in the case at bar. There the action was instituted by the personal representative of the deceased partner against the personal representative of the surviving partner, which is analogous to an action by Emma Mares, executrix, against appellant as the surviving partner. Of course such an action as that can be maintained for the very sufficing reason that the statute imposes the duty upon appellant to account to Emma Mares, executrix, and this duty can be enforced by the courts. The converse, of course, is not true; for the statute does not impose any duty upon Emma Mares, executrix, to account to appellant.

This court in the case of *Boehme* v. *Fitzgerald,* 43 Mont. 226, 115 Pac. 413, said that the surviving partners were still entitled to continue the possession and to settle the partnership affairs. It would be their duty to account to the administrator.

MR. JUSTICE GALEN delivered the opinion of the court.

This action was brought by the plaintiff for a partnership accounting. The defendants are the widow and minor daughter of Frank Mares, deceased, the former being made a party individually, and as executrix of the last will and testament of the decedent. Judgment is sought against the executrix of the estate for moneys alleged to be due to the plaintiff, on a claim against the deceased partner, for cash advanced by the plaintiff over and above the amount of contribution made to the copartnership by the deceased, and for money drawn by the decedent in excess of his portion of the profits. A general demurrer was interposed to the amended complaint and sustained by the lower court, and judgment was entered for the defendants. This appeal is from the judgment.

Four specifications of error are made by the plaintiff, all of which are summarized in but one question, *viz.*: Does the complaint state facts sufficient to constitute a cause of action? The amended complaint alleges, in substance, as follows:

Paragraph 1 alleges that, on or about May 1, 1892, plaintiff and Frank Mares, deceased, formed and entered into a copartnership, by the terms of which they agreed to contribute an equal amount of money to the funds of the partnership, and they further agreed to become equal partners in the management of the business of the firm, and that this relation and copartnership were actively carried on by them until December 11, 1916, when Frank Mares died. Paragraph 2 alleges the appointment and qualification of Emma Mares as executrix; that she is the widow of deceased; that Blanche is fourteen years of age, and is the only child of the deceased, and that they are his only heirs. Paragraph 3 alleges the contribution to the business of the copartnership by the plaintiff of more than $118,925; that Frank Mares contributed merely a nominal sum thereto, the exact amount thereof being unknown to plaintiff; that Frank Mares from time to time took and used for his individual use and benefit large sums of money of firm assets, the sums so

taken largely exceeding the proportion to which he was entitled of the partnership assets, the amount thereof being unknown to plaintiff, and which can only be ascertained by an accounting of the affairs of the partnership; that during the same time the amounts drawn out of such business by plaintiff were less than what he was entitled to under the partnership agreement; that Frank Mares used large sums of firm moneys, for his private use, over and above what he was entitled to; in many instances failed to keep an account or record thereof on the books of the firm; that he invested partnership moneys in real and personal property the title to which he took in his own name, and which now so remains (the real property being described); that because of the fact that plaintiff contributed to the partnership sums so far in excess of those contributed by Frank Mares, and drew out so much less than Frank Mares, the plaintiff, on an accounting being had, is entitled, under the partnership agreement, to be reimbursed for the difference between the amounts contributed and received by him and those contributed and received by the deceased, which difference can only be ascertained after an examination of the books and papers of the firm and an accounting of its business and affairs. Paragraph 4 alleges that all debts of the firm have been paid, all of its affairs have been adjusted except the difference between the parties growing out of the partnership, and that plaintiff is not possessed of any of the assets of the firm save, constructively, as to certain parcels of real estate which are held in their joint names, but which in value are much less than what plaintiff is entitled to on an accounting of the affairs of the partnership. Paragraph 5 alleges a demand for an accounting and adjustment of the affairs of the partnership, made upon Frank Mares during the last year of his life, and upon his executrix, and a refusal thereof on the part of each of them.

The prayer is for an accounting; that the described real estate and personal property purchased with partnership funds be declared partnership property and assets; that all property

of the partnership be sold and the proceeds applied toward the sum found due plaintiff on an accounting; that plaintiff have judgment for any balance that may be found due against the defendant executrix; that such judgment be ordered paid out of any individual property of deceased in her hands as such executrix; and for general relief.

The complaint was filed August 6, 1918, one year and eight months after the date alleged of the death of Frank Mares, the deceased partner. As noticed from the allegations of the complaint, the plaintiff seeks an accounting of the business and affairs of the partnership of Mares Bros., covering over twenty-four and a half years, alleging that in the last year of his brother's life he demanded an accounting, and that Emma Mares, executrix of his brother's estate, although demand has been made upon her, has refused to account. There is no allegation in the amended complaint that the defendants, or either of them, know anything about the alleged advancements made to the partnership by the plaintiff, or of the appropriation of moneys belonging to the partnership by the deceased, or that they have in their possession knowledge of any facts connected with the partnership affairs, or that they are for any reason or at all, in position to make an accounting to the plaintiff touching the affairs of the partnership. It is alleged that the deceased used the partnership funds, and ''in many instances failed to make or keep an account or record thereof on the books of the firm,'' and that ''the aggregate amount of said sums is to the plaintiff unknown.'' There being no entries in the books, the plaintiff being ignorant of the items, it would appear impossible to exact from the executrix, the surviving widow of the deceased, and of her minor daughter, an accounting of the partnership business extending for a period of nearly twenty-five years. And more particularly so, since it is not alleged that they, or either of them, have knowledge of the partnership affairs, or are in any position to make an accounting.

And as showing that all the partnership affairs have not been settled, appellant sets forth in his amended complaint that there is an indebtedness due him from the partnership assets of $118,925, which he wants paid out of the partnership assets; that large sums have been invested in real estate and mining claims, and he wants the partnership adjusted in that particular. He also wants the partnership adjusted as to the amount contributed by him and the amount contributed by Frank Mares, the deceased partner. According to these allegations in plaintiff's amended complaint the partnership was far from being settled, and "all of its affairs adjusted, terminated, and wound up."

A general partnership is dissolved by the death of one of the [1] partners (sec. 5494, Rev. Codes), and it is the duty of the surviving partner to make account to the personal representative of the deceased partner. (Sec. 7607, Rev. Codes.) The law imposes this duty upon the surviving partner, and not upon the representative of the estate; so that it is the plain duty of the surviving partner to make such accounting, rather than exact the same from the personal representative of the deceased partner. The surviving member of the copartnership is presumed to have the possession of, and knowledge concerning, the books of account, property, and assets of the firm; and he is given express statutory authority to continue in the possession of the partnership property, and to settle up its business after the dissolution of the partnership by death of one of its members, irrespective of the appointment and qualification of a personal representative of the deceased partner's estate. The statute (sec. 7607, Rev. Codes), reads as follows:

"When a partnership exists between the decedent, at the time of his death, and any other person, the surviving partner has the right to continue in possession of the partnership, and to settle its business, but the interest of the decedent in the partnership must be included in the inventory and be appraised as other property. The surviving partner must give a bond with

sufficient sureties in favor of the executor or administrator in a sum at least equal to the value of the interest of the deceased partner in the property of the partnership. The amount of said bond must be fixed and the bond approved by the judge. In case he fails to give such bond, the court or judge may compel its execution by attachment or other proper order. The surviving partner must settle the affairs of the partnership without delay, and account with the executor or administrator, and pay over such balances as may from time to time be payable to him, in right of the decedent. Upon the application of the executor or administrator, the court or judge may, whenever it appears necessary, order the surviving partner to render an account, and in case of neglect or refusal may, after notice, compel it by attachment; and the executor or administrator may maintain against him any action which the decedent could have maintained. The surviving partner is a trustee of the estate or interest of the deceased partner in the property of the partnership for every purpose and the court or judge may require the surviving partner to account at any time.''

Under the provisions of the statute (*Id.*, sec. 7607), the surviving partner has the right (1) to continue in the possession of the partnership; (2) and to settle the business. And he must (1) settle the affairs of the partnership without delay; (2) account to the executor or administrator; and (3) pay over to him such balances from time to time as are due in right of the decedent. The surviving partner is made the trustee of the estate or interest of the deceased partner in the property of the partnership for every purpose, and he may be compelled to account. This law is plain, and requires the surviving partner to account to the executrix, not that she shall account to him. This statute was copied from California, which was there first adopted in 1850, as section 199 of the Probate Act (Laws 1850, p. 393), and was thereafter re-enacted as section 198 of Chapter 124 of the Laws of 1851, and re-enacted March 11, 1872, and again April 16, 1880, carried forward as section 1585 of the

[60 Mont. 36.]

Code of Civil Procedure. (Kerr's Cyc. Codes, sec. 1585.) In the territory of Montana it was first enacted as section 229 of the laws of 1877, page 301, and again re-enacted as section 229 of the Second Division of the Revised Statutes of 1879, and again re-enacted as section 229 of the Second Division of the Compiled Statutes of 1887, and by section 1, page 146, Laws of 1889, it was amended slightly by the following addition, to-wit: "The surviving partner must give a bond with sufficient sureties in favor of the executor or administrator in a sum at least equal to the value of the interest of the deceased partner in the property of the partnership. The amount of said bond must be fixed and the bond approved by the judge. In case he fails to give such bond, the court or judge may compel its execution by attachment or other proper order." And as amended it was carried forward as section 2734 of the Civil Code of Procedure of 1895 of the state, with additional amendment at the end thereof by inclusion of the following language: "The surviving partner is a trustee of the estate or interest of the deceased partner in the property of the partnership, for every purpose, and the court or judge may require the surviving partner to account at any time." And it was carried forward in this amended form as section 7607 of the Revised Codes of 1907. In all material substance as applicable to the [2] question, the Act before us was copied from California, and it is settled by the decisions in this court that its adoption carries with it the construction placed thereon by the courts of that state. (*State ex rel. Rankin, Attorney General,* v. *Board of Examiners,* 59 Mont. 557, 197 Pac. 988, and cases there collected.) However, it appears that the supreme court of California did not construe its statute with reference to the question here involved, until subsequent to our adoption thereof. On August 31, 1886, the supreme court of California, in construing its statute upon this subject, held, in the case of *McKay* v. *Joy,* 70 Cal. 581, 11 Pac. 832, that a surviving partner cannot maintain an action against the personal repre-

sentative of his deceased partner for an accounting of the
partnership affairs. This case was first decided in an opinion
rendered February 19, 1886, by the supreme court commission
of California, adopted by the court (2 Cal. Unrep. 639, 9 Pac.
940), wherein it was held that under the statutes of California
the surviving partner cannot successfully maintain an action
against the administrator of a deceased partner's estate for
an interest in the assets thereof without first presenting a
claim to the personal representative, as required by the stat-
utes. The case, as stated by the commissioners, showed that
McKay and one Joy were partners. Joy died, and the defend-
ant Joy was appointed administrator. The partnership prop-
erty, which was in the hands of McKay, was taken from him
by writ of replevin, and delivered by the sheriff to Joy, the
administrator. McKay then brought suit against Joy as admin-
istrator for an accounting of the partnership property. It ap-
peared on the trial that no claim had ever been presented to
the administrator, and the commissioners held that the court
below rightfully granted a nonsuit because of the failure to
file such claim. The commissioners held that McKay, as a sur-
viving partner, had a right to continue in possession of the
partnership property, and could have successfully defended
the action in replevin by which the property was taken from
him, or could have maintained an action to recover it back;
but that the accounting asked for was based upon a claim made
against the estate of the decedent arising on a contract, and
as such the claim should have been first filed as required by the
statute.

These are the only decisions called to our attention constru-
ing this statute, with respect to the obligation to make account-
ing after the termination of a copartnership by the death of
one of its members; and, aside from the persuasive influence
upon us to accept California's interpretation of this statute
in this respect, we feel the correct rule is expressed in these
decisions.

[60 Mont. 36.]

In applying our statute in the case of *Krueger* v. *Speith,* 8 Mont., at page 488, 3 L. R. A. 291, 20 Pac. 664, Mr. Justice De Wolfe, said: "The representatives of the deceased partner have a right to the balance that will be found to belong to the decedent; they also have a right to compel the surviving partner to apply the assets to the debts, and not waste it or delay settlement. This is obviously not a tenancy in common, even in equitable contemplation; and though the representatives of the deceased have been called *cestuis que trustent,* and the survivor a trustee for them, this doctrine is at most but partially true, and is distinctly repudiated by some great courts. (See, also, *Bush* v. *Clark,* 127 Mass. 111.)

"In *Theller* v. *Such,* 57 Cal. 447, in construing a statute like ours, the court says: 'The probate court has no more jurisdiction to provide for a partnership account, and decree a balance where a partnership has been dissolved by the death of a partner, than when it has been dissolved by any other cause.' The assets which pass to the executor or administrator consist of the individual estate of the deceased; partnership assets, as such, form no part of such individual estate. The residuum only, after satisfying liabilities and advances, if any, made by the survivor, becomes the property of the estate. (So, also, *Andrade* v. *Superior Court of San Francisco,* 75 Cal. 459, 17 Pac. 531.)

"If it was otherwise, immediately on the death of one of the members of a partnership, the partnership estate would be *in custodia legis,* and would have to be administered and settled like any private or individual estate. Our statute does not contemplate a proceeding like this, and while it requires the inventory to include the interest of the decedent in a partnership, it also gives to the surviving partner full power over the partnership estate and property for the purpose of settling and accounting, and subjects him to legal proceedings only when he fails to perform his duty within a reasonable time. He gives no bond such as is required to be given by an ad-

ministrator, nor do accounts against the partnership require the formal proofs or allowance which the law requires in the case of claims against an estate. None of the requirements with which the law surrounds an administrator are required of a surviving partner in the settlement of a partnership estate, but all such matters are left to the judgment and presumed knowledge of the surviving partner, and his acts, if done in good faith, bind alike his own and the interest of the representatives of the deceased partner in the partnership property. (Story on Partnership, sec. 328.)

"The authorities to which we have referred settle the question that it is only in a qualified sense that a surviving partner is a trustee of the representatives of a deceased partner. He takes, or rather retains, the partnership property, *jure proprio;* and the only trust which attaches to his possession and disposition of the property is his duty to settle up the affairs of the partnership and account to the representatives of the deceased partner, a duty as we have seen, which he may be compelled to perform if he neglects or unreasonably defers."

In the case of *Silver* v. *Eakins,* 55 Mont. 210, 175 Pac. 876, it appears that Eakins and Silver were copartners; that Silver was sole surviving partner; that the sum of $1,920.80 was paid to Eakins in his lifetime on account of money due the copartnership of Silver & Eakins, and that claim was presented for such amount by Silver, acting as the sole surviving partner, against the estate of Eakins, and disallowed by the executrix of the estate of John Eakins, deceased. Mr. Justice Holloway, speaking for this court, said:

"Briefly, the complaint charges that Eakins & Silver were copartners, engaged in completing the work under the McCune contracts; that Silver is sole surviving partner; that the $1,920.80 was and is partnership money; that it was received by Eakins and retained as a part of the assets of his estate; that plaintiff presented a claim for the amount; and that the claim was rejected. The answer admits the death of Eakins,

[60 Mont. 36.]

the qualification of defendant as executrix, the rejection of plaintiff's claim, and denies all the other material allegations of the complaint. By way of affirmative defense it was alleged that Silver had failed to give the surviving partner bond required by section 7607, Revised Codes. On motion of plaintiff this defense was stricken from the answer. The trial resulted in a judgment for plaintiff, and from that judgment, and from an order denying a new trial, defendant appealed.

"Does the complaint state a cause of action? Section 7607 defines the rights, duties, and liabilities of a surviving partner. It authorizes him to continue in possession of the partnership, to settle its affairs, and to account and pay over to the personal representative of the deceased partner any balance due in right of the decedent. Apparently the complaint was drawn upon the theory that the surviving partner is entitled as of right to the possession of all the firm assets until the partnership affairs are finally settled. If the partnership assets in the possession of Silver, as surviving partner, were sufficient to pay the partnership debts, then any balance due him in right of his partnership interest could be recovered only on a settlement of the firm account. (*Franklin* v. *Tonjours,* 1 White & W. Civ. Cas. (Tex.), sec. 506.) If the partnership assets in his possession exceeded the debts and Silver's interest, then manifestly it would be an idle ceremony to require the estate to deliver this $1,920.80 to the surviving partner, only to require him to redeliver it to the estate upon final settlement. These observations suffice to disclose the reasonableness of the rule which requires the surviving partner to make known the amount of partnership debts and the amount of firm assets in his possession, to the end that the court may determine whether possession of firm property held by the estate of the deceased partner is necessary, in order that the surviving partner may discharge the duties imposed upon him by statute. The complaint does not disclose the amount of firm debts, if any, nor the amount or value of firm assets in the possession of the

surviving partner, and for this reason it does not state a cause of action. (*Painter* v. *Painter's Estate,* 68 Cal. 395, 9 Pac. 450.)

"We do not agree with appellant however, that if the complaint contained these essential allegations it would still not state a cause of action. It is true that one partner cannot maintain an action at law against his copartner, at least until an accounting is had and a balance determined, and the reason for this rule is apparent. The interest of each partner extends to every portion of the firm property (sec. 5469, Rev. Codes), and therefore neither partner is entitled, as against the other, to the exclusive possession of the whole or any specific part of the partnership assets. (*Boehme* v. *Fitzgerald,* 43 Mont. 226, 115 Pac. 413.) But whenever the reason for that rule ceases, so does the rule itself, and the reason ceases immediately upon the death of one partner. The partnership is thereupon dissolved (sec. 5494), and the surviving partner becomes at once entitled to the possession of sufficient firm property to enable him to discharge the duties imposed by section 7607. (*First Nat. Bank* v. *Silver,* 45 Mont. 231, 122 Pac. 584.) If, then, it was made to appear by this complaint that possession of this $1,920.80 was necessary to settle the firm debts, an action for money had and received would lie to recover it. (*Conger* v. *Atwood,* 28 Ohio St. 134, 22 Am. Rep. 462; 20 R. C. L., p. 1010.) "

*A fortiori,* the complaint in the instant case, by the surviving partner against the executrix, seeking an accounting from the personal representative of the deceased partner, does not state a cause of action, as it appears therefrom that the partnership affairs have not been settled, and that there is an indebtedness due the plaintiff from the copartnership of $118,925. All of its affairs have not been terminated and settled as alleged in the complaint, and until the surviving partner has accounted to the executrix and performed his trust, he has nothing more

than a contingent claim against the estate of the deceased partner.

After dissolution, by death or from any other cause, a [3] partnership still has a limited existence for the purpose of closing up the affairs of the partnership. The firm is to this extent not completely dissolved until its affairs are closed. Up to that time the joint interest of the partners continues in the partnership property, and the mutual agency continues for the purpose of winding up its business. (*Kinsler* v. *Mc-Cants,* 4 Rich. (S. C.) 46, 53 Am. Dec. 711; *Maynard* v. *Richards,* 166 Ill. 466, 57 Am. St. Rep. 145, 46 N. E. 1138; *Brown* v. *Higginbotham,* 5 Leigh (Va.), 583, 27 Am. Dec. 618). So far as is necessary for the purpose of closing the concerns of the partnership it continues with all its incidents of interest, powers and obligations. (*Davis* v. *Megroz,* 55 N. J. L. 427, 26 Atl. 1009.) . In legal contemplation the partnership continues for the purpose of making good all outstanding engagements, of taking and settling all accounts, and collecting all the property, means and assets of the partnership existing at the time of its dissolution, for the benefit of all interested. (*Western Stage Co.* v. *Walker,* 2 Iowa, 504, 65 Am. Dec. 789; *Johnson* v. *Totten,* 3 Cal. 343, 58 Am. Dec. 412.)

"The property of the partnership, until the affairs of such partnership be settled and his share paid over to his administrator, is in no sense property of the decedent, or property to be administered as a part of his estate. Indeed, except for the circumstances of this case, namely, the death of both partners before the partnership was wound up, the administrator, as such administrator, would have no right to the partnership assets, but the surviving partner would have the right to possession." (*Franklin* v. *Trickey,* 9 Ariz. 282, 11 Ann. Cas. 1105, 80 Pac. 352.)

The personal representative of the deceased partner, not being entitled to the property, assets and books of the partnership, may exact an accounting from the surviving partner. (*Frank-*

*lin* v. *Trickey, supra.*)    The same rule, however, does not apply
with respect to the surviving partner.   Had Frank Mares lived,
an action for an accounting could have been maintained against
him, and at any time during the period of nearly a quarter of a
century of the continuance of the partnership business, the
plaintiff, Joseph Mares, was entitled to an accounting as against
his partner, Frank Mares; but after the dissolution of the part-
nership by death of one of its members, he is in no position to
exact such accounting, being himself in position to obtain all
desired information respecting the books, property and assets
of the copartnership, and in contemplation of law, in actual
possession of the partnership property and estate.   Upon the
death of Frank Mares, Joseph Mares, the surviving partner, at
once became entitled to the exclusive possession of the partner-
ship assets, and there at once devolved upon him the duty of
winding up the partnership affairs and of making an account
to Emma Mares, as executrix of the last will and testament of
the deceased partner.   Clothed with these rights and resting
under these obligations, the surviving partner is left with the
sole duty of making the accounting.   The death of one of the
partners and the continued possession of the partnership prop-
erty by the other changes the rule of mutuality of obligation to
account one to the other.

 For the reasons stated the judgment is affirmed.

                                                     *Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REY-
NOLDS, COOPER and HOLLOWAY concur.

ON MOTION FOR REHEARING.

MR. JUSTICE GALEN delivered the opinion of the court.

On motion filed for a rehearing, it is earnestly urged and
argued by counsel for the plaintiff that the complaint states
a cause of action under the allegations of paragraph 3 thereof
on the theory of a resulting trust, and the decisions of this

court in the cases of *Eisenberg* v. *Goldsmith,* 42 Mont. 563, 113 Pac. 1127, and *Huffine* v. *Lincoln,* 52 Mont. 585, 116 Pac. 820, are cited and relied upon. This contention is without merit, as the plaintiff predicates his cause of action upon his individual rights, rather than those of the partnership. However, this is the first time that this point has been presented, urged or [4] argued, and it is the settled rule that this court will not, on an application for rehearing, consider grounds for reversal not presented upon the original hearing. (*Merchants' Bank* v. *Greenhood,* 16 Mont. 460, 41 Pac. 250, 851; *Forrester* v. *Boston & Montana Mining Co.,* 21 Mont. 565, 55 Pac. 353; *Kaufman* v. *Cooper,* 38 Mont. 16, 98 Pac. 504, 1135; *In re Murphy's Estate,* 57 Mont. 286, 188 Pac. 146.)

It must be borne in mind that this action is not based upon the right of Joseph Mares as surviving partner to recover the partnership property for the benefit of the partnership, but, as appears from the allegations of the complaint and as stated in the original opinion, it is one for an accounting for the sole benefit of the plaintiff. The plaintiff is at least constructively in possession of all partnership books, property and assets, and is not in position to require an accounting from the executrix of the estate of the deceased partner respecting matters presumably alone within his knowledge and control. His duty as surviving partner is to subject all partnership assets to his possession and control, adjust and conclude the partnership affairs, [5] and render account to the executrix of the deceased partner. If, upon liquidation of the partnership business, or in course thereof, it appears that the deceased partner is indebted to him over and above the partnership assets, then he must present his claim for allowance under the provisions of section 7525 of the Revised Codes.

In the case before us, having made selection of a remedy, he is bound thereby. The motion for a rehearing is denied.

Mr. Chief Justice Brantly and Associate Justices Reynolds, Cooper and Holloway concur.