[Civ. No. 4532.   First Appellate District, Division Two.—January 18, 1924.]

SADIE E. PRITCHARD, Appellant, v. MERCANTILE TRUST COMPANY (a Corporation), et al., Respondents.

[1] PARTNERSHIP — ACCOUNTING—PARTNERSHIP FUNDS—PLEADING.—In an action by a surviving partner against the representative of the estate of a deceased partner and others for an accounting as to partnership assets, an allegation that the moneys on deposit in a given bank was "the moneys and funds of the said partnership," is but the conclusion of the pleader.

[2] ID.—APPROPRIATION OF MONEYS BY DECEASED PARTNER—RECOVERY BY SURVIVOR—PLEADING.—A member of a partnership, in collecting partnership funds and depositing them in his bank account, is acting within his rights as a partner; and while the effect of such act may result in causing him to become indebted to the partnership, that fact, standing alone, will not warrant the surviving partner, after the death of the former, in maintaining an action to recover those moneys, but she must also show that she has complied with the provisions of section 1585 of the Code of Civil Procedure.

[3] ID.—DEATH OF PARTNER—CLAIM OF SURVIVOR AGAINST ESTATE.— Where, following the death of one member of a partnership, there is an abundance of funds to enable the surviving partner to wind up the affairs of the partnership without making any claim whatsoever upon the estate of the deceased partner, the surviving partner has no cause of action against the estate of the deceased partner because of partnership funds collected by the latter and deposited by him in his bank account.

[4] ID.—APPEAL — SUPERSEDED PLEADINGS — RECORD.—On appeal, the appellant cannot predicate error upon rulings of the trial court in sustaining demurrers to pleadings which are not set forth in the record and which were superseded by amended pleadings.

[5] ID.—PARTNERSHIP ASSETS—ACCOUNTING—PARTIES.—In an action by a surviving partner for an accounting of partnership assets alleged not to have been accounted for by the deceased partner, the administratrix of the latter's estate is a necessary party defendant, and where she is not made such by the plaintiff, the court may properly order that she be brought in.

APPEAL from a judgment of the Superior Court of Alameda County. A. F. St. Sure, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. Franklin Baxter for Appellant.

George Clark Sargent for Respondents.

STURTEVANT, J.—The trial court sustained demurrers of the defendants to the plaintiff's fourth amended complaint and refused the plaintiff permission to further amend, and thereafter a judgment was entered in favor of the defendants. The plaintiff has appealed from the judgment.

In her complaint the plaintiff alleged that she and Fred G. King did, in the year 1892, enter into a partnership

agreement. The business to be conducted by the partnership was that of dealing in mines and mining properties The plaintiff agreed to furnish moneys to the partnership from time to time, and the said Fred G. King agreed to devote his services as a mining engineer and as the business manager of the partnership business. It was further agreed that the profits of the business should be divided between the plaintiff and the said Fred G. King share and share alike. The plaintiff further alleges that she thereafter contributed $30,000 to the partnership business, and that she has been repaid $14,000 and no more. She alleges that the partnership made gross profits to the extent of $750,000, and that at the date of the death of Fred G. King the decedent left $300,000 in "tangible property of said partnership." The plaintiff alleges that when she entered into the partnership agreement that Fred G. King had no moneys or properties of his own, but the pleading contains no allegation that after the year 1892 the said Fred G. King did not acquire moneys or properties in his capacity as an individual. She alleges that at the date of the death of King she did not have possession of any of the partnership property and none of it has since come into her possession, but there is no allegation whether at that time she had possession, or has since obtained possession, of any of the partnership books, records or papers. Except as hereinafter stated, there is no allegation that any one of the defendants holds any of the partnership property. The only allegation in that behalf is that on the date of the death of Fred G. King he had on deposit in the Crocker National Bank $18,183, and that the deposit was "the moneys and funds of the said partnership." It is then alleged that after the death of King that Hazel H. King obtained letters of administration and had the deposit transferred from the Crocker National Bank to the defendant Mercantile Trust Company, and it is further averred that after demand made Hazel H. King and the Mercantile Trust Company have refused to pay over the amount of the deposit to the plaintiff. There is no allegation that the plaintiff has served or filed any claim against the estate of the decedent. The pleading contains no allegation to the effect that the plaintiff cannot get possession of all of the remaining portion of the $300,000 of tangible assets, nor is there any allegation that the partnership is

in debt to any extent whatsoever. No facts are alleged showing from what source the decedent received the $18,183, or that said sum was the proceeds of any kind of a mining venture, partnership or otherwise. Nor is there any allegation that the money was deposited by the decedent in the Crocker National Bank in the name of the partnership or in the names of the decedent and the plaintiff. [1] The sole allegation in that respect is that the deposit was "the moneys and funds of the said partnership." That expression is but the conclusion of the pleader. (31 Cyc. 61, 62; *Callanan* v. *Keeseville, A. C. & L. C. R. Co.,* 48 Misc. Rep. 476 [95 N. Y. Supp. 513, 515]; *Schoonover* v. *Birnbaum,* 148 Cal. 548 [83 Pac. 999].) [2] Nevertheless, if it be assumed that Fred G. King collected partnership moneys and deposited them in his bank account, he was acting within his rights as a partner. The effect of the act may have resulted in causing him to become indebted to the partnership; but that fact, standing alone, would not warrant the plaintiff maintaining an action to recover those moneys. She must also show that she had complied with the provisions of section 1585 of the Code of Civil Procedure. [3] It is but reasonable to assume that in view of all the facts alleged by the plaintiff that there will be an abundance of funds in the $300,000 estate to enable the plaintiff to wind up the partnership without making any claim whatsoever on the estate of the decedent. Under such circumstances the surviving partner has no cause of action against the estate of her deceased partner. (*Painter* v. *Estate of Painter,* 68 Cal. 395 [9 Pac. 450]; *McKay* v. *Joy,* 2 Cal. Unrep. 639 [9 Pac. 940]; *Mares* v. *Mares,* 60 Mont. 36 [199 Pac. 267, 271, 272].)

[4] As we understand the appellant, she complains also of the rulings made by the trial court sustaining other demurrers to former pleadings filed by the appellant; but those pleadings were superseded by the pleadings which are before us, and which are set forth in the record.

[5] The appellant calls attention to the fact that the defendant, as administratrix, was made a party and brought in pursuant to an order made by the trial court. She does not claim that there was a defect in form in the moving papers, but she complains that the order was improperly made and that no duty rested on the appellant to make the

administratrix a party. In view of what we have said above we think it is clear that Hazel Hubbard King, as administratrix, was a necessary party and that she claimed, as administratrix, to have an interest in the moneys which the decedent had deposited in the Crocker National Bank.

We find no error in the record. The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 17, 1924.

All the Justices concurred.